26839. PERETZMAN *v.* BOROCHOFF *et al.,* executors.

*Winfield P. Jones,* for plaintiff in error.

*George & John L. Westmoreland,* contra.

MacIntyre, J.   Mrs. Nell B. Borochoff, Mrs. Rose B. Simon, and John L. Westmoreland, as executors of the will of Mrs. Jennie Borochoff, instituted attachment proceedings against Mrs. Ida B. Peretzman in the municipal court of Atlanta upon the ground that the defendant resided without the State of Georgia, and caused said attachment proceedings to be levied upon certain jewelry as the property of the defendant and found in the custody of John L. Westmoreland, one of the plaintiffs.   In their petition the plaintiffs alleged "that the defendant, Mrs. Ida B. Peretzman, is indebted to the plaintiffs as executors of the estate of Mrs. Ida B. Peretzman, in the sum of four hundred ($400) dollars, besides interest at the rate of 7% per annum from July 10, 1933, for money loaned to the defendant by Mrs. Jennie Borochoff during her lifetime. That the defendant executed to Mrs. Jennie Borochoff a note dated July 10, 1933, in the amount of four hundred ($400) dollars, copy of which note is hereto attached, marked exhibit "A" and made a part of this petition," which is as follows:   "$400 Miami, Florida, July 10, 1933  .  .  after date for value received,  .  .  promise to pay to the order of ———————— —four hundred and no/100 dollars, at  .  .  with interest thereon at the rate of  .  .  per cent. per annum from  .  .  until fully paid.   Interest payable semi-annually.   The maker and indorser of this note further agree to waive demand, notice of non-payment and protest; and in case suit shall be brought for the collection hereof, or the same has to be collected upon demand or an attorney, to pay reasonable attorney's fees for making such collection.   Deferred interest payments to bear interest from maturity at  .  .  per cent. per annum payable semi-annually.   Ida Peretzman (Seal)."   The defendant demurred to the plaintiffs' petition on the ground that the note in question has a blank for the payee's name but does not contain the name of a payee, and therefore can not be sued upon as a (negotiable) promissory note.   She seems to concede that if the

testatrix had filled in her name in the blank, even after delivery, that then this suit could have been maintained. The judge overruled the demurrer and the defendant filed exceptions pendente lite. The case proceeded to trial and the judge directed a verdict in favor of the plaintiffs. The defendant's motion for new trial was overruled and she excepted.

■ "Where the instrument is payable to order, the payee must be named or otherwise indicated therein with reasonable certainty." Code, § 14-208. However, it has been generally held that "where a blank is left in a bill or note for the name of the payee, there is an implied authority to the holder to fill up the instrument and make it in fact what it was designed to be. If made payable in blank, the person to whom it is negotiated may fill up by inserting his own name; if made payable to the order of the person who shall thereafter indorse it, it is negotiable without any alteration, and may be transferred by indorsement." Rich v. Starbuck, 51 Ind. 87. It has sometimes been held that a suit between the original payee and the maker on a note with a blank for the payee's name which had not been filled, could not be sustained; we think however that the sound reasoning for so holding is that there was no averment and no proof that the note was delivered to the original payee, or that the ownership of the note was still in such payee.

The plaintiffs set up the preliminary facts that the note sued on was given by the defendant, the original drawer, for money loaned to the defendant by the testatrix, that the consideration moved from the testatrix to the defendant, that the note sued on was executed in the amount stated in the note by the original drawer, and that at the time of the bringing of the suit the defendant was indebted to the testatrix in the full amount of the note, and in effect alleged that these preliminary facts establish the ultimate facts that the suit is brought on this note by the representatives of the testatrix, who was the person to whom, for a valuable consideration, the note was delivered by the principal maker, the defendant, and that the testatrix was the legal owner of the note which had never been transferred. The plaintiffs having alleged that the note sued on was delivered to the testatrix by the principal maker, and that she was then and at the time of her death the legal owner and bona fide holder thereof, the complaint was

sufficient to withstand the demurrer. Code, § 14-214; *Pryor* v. *Am. Trust and Bkg. Co.*, 15 *Ga. App.* 822 (84 S. E. 312); *Kiker* v. *Broadwell*, 30 *Ga. App.* 460, 462 (118 S. E. 759); *Cohen* v. *Cohen*, 140 *Ga.* 398 (78 S. E. 841); *Moody* v. *Threlkeld*, 13 *Ga.* 55, 58; *Elliott* v. *Deason*, 64 *Ga.* 63; *Usry* v. *Saulsbury, Respess & Co.*, 62 *Ga.* 180; 1 Daniel on Negotiable Instruments (7th ed.), 195, § 160; *Fretwell* v. *Carter*, 78 S. C. 531 (59 S. E. 639); *Weston* v. *Myers*, 33 Ill. 424, 432. This is in harmony with the system of jurisprudence established by our Code, § 3-108, which says: "As a general rule, the action on a contract, whether express or implied, or whether by parol or under seal, or of record, shall be brought in the name of the party in whom the legal interest in such contract is vested, and against the party who made it in person or by agent."

■ The defendant introduced evidence that she was a married woman living with her husband in the State of Florida, and then introduced certain statutes of Florida showing that the wife can not bind herself in such a contract as the note sued on in this case. The plaintiffs introduced the testimony of Mrs. Nell B. Borochoff, one of the executors, in which she stated that the note sued upon was received by her mother, Mrs. Jennie Borochoff, in Atlanta, Georgia, which was her home, and with the note, a letter requesting the loan of $400, certain jewelry to be held by Mrs. Borochoff, the deceased, as security for the payment of the note in the event Mrs. Borochoff made the loan to Mrs. Peretzman, as requested in the letter; that Mrs. Borochoff continued to live in Atlanta until her death, and did not change her place of residence from the time of receiving the note, letter, and jewelry until her death in 1937 (at which time the note, the jewelry, and the letter were found in a safety-deposit box of Mrs. Borochoff in the First National Bank of Atlanta), and sent to Mrs. Peretzman a check, drawn on her account with the First National Bank of Atlanta, and that this check was paid. The letter aforementioned, introduced into evidence by the plaintiffs, is as follows: "Monday, Dearest Mother: I have sent you my 4 rings and pin—and I am enclosing a note which I hope you will send it real soon as I put off my landlord until Thursday. I appreciate the favor you are doing for me— and hope things will pick up real soon so I can take care of it sooner than I expect. Mama, I will take care of it in the season.

I just signed the note I did not put on any date as you know the season does not start until Jan. Well, how are you feeling? Hope you will make up your mind to come down and stay a while with me. Guess this is about all, enclosing with love and regards to each & every one from us all. Forever, Ida."

"Any plea which impeaches the original validity, or declares any subsequent extinguishment of the contract, must be governed by the law of the place where the contract was made. Thus, infancy, coverture, tender, or payment, or discharge by insolvent laws, if a valid defense by the *lex loci contractus,* will be a valid defense everywhere." 2 Daniel on Negotiable Instruments (7th ed.), 1114, § 1023. "The place where a contract is made depends not upon the place where it is written, signed, or dated, but upon the place where it is delivered as consummating the bargain. Thus, the law of the place where a bill or note is written, signed, or dated does not necessarily control it but the law of the place where it is delivered from drawer or maker to payee, or from indorser to indorsee, or, as has been said, where the last act essential to its completion was done, so that, where a note was executed in one State but not completed until accepted in another State, it is made in that other State. A note drawn and dated in Maryland, but delivered in New York, in payment of goods there purchased, or money loaned, is payable in and governed by the laws of New York. . . And if a note be dated and signed in blank in Virginia, and sent to Maryland, and there filled up and negotiated, it is a Maryland, and not a Virginia note. . . In a Maine case, it appeared that a husband and wife executed a note in Massachusetts, the wife being surety for her husband, and the husband delivered it by mail to the payee in Maine. By law of Massachusetts the wife could not bind herself, but in Maine a married woman could contract for any lawful purpose. The law of Maine was held to apply, and the wife held liable." 2 Daniel on Negotiable Instruments (7th ed.), 1110, § 1017.

Under the evidence in this case, the note was signed in Florida and was "payable to the order of ——————————," and was sent to Georgia with a letter which stated that the maker was sending certain jewelry as security for the note. The evidence unquestionably shows that it was the intention of the drawer, or maker, for the testatrix, upon the receipt of the jewelry and the note, to fill up

the note which the defendant had signed in blank; for the letter of the maker of the note calls attention to the fact that the blanks were not filled up, and after this was done it was the intention of the parties that the testatrix should send the defendant a check for the amount of the note, thus secured by the jewelry. We can but say that the only reasonable inference to be drawn from the evidence was that the testatrix was in Georgia when the note was delivered to her by the drawer, and that Georgia was the place where the last act essential to the completion of the contract was done, to wit: the accepting of the note and jewelry and the sending of the check for the amount of the note. It was therefore a Georgia note and not a Florida note and the law of Georgia would apply. *Atlantic Phosphate Co.* v. *Ely*, 82 *Ga.* 438 (9 S. E. 170); *Hollis* v. *Covenant Blg. & Loan Asso.*, 104 *Ga.* 318 (31 S. E. 215); *Pratt* v. *Sloan*, 41 *Ga. App.* 150 (152 S. E. 275); *Tillman* v. *Gibson*, 44 *Ga. App.* 440 (161 S. E. 630); *Harmon* v. *Wiggins*, 48 *Ga. App.* 469, 475 (172 S. E. 847).

No reversible error is shown by any of the other exceptions.

The judge did not err in directing a verdict against the defendant.

*Judgment affirmed. Broyles, C. J., and Guerry, J., concur.*