**GREAT AMERICAN INSURANCE COM-
PANY, Plaintiff-Appellant,**

v.

**The HARTFORD ACCIDENT AND IN-
DEMNITY COMPANY, De-
fendant-Appellee.**

Supreme Court of Tennessee.

Jan. 20, 1975.

James F. Russell, Memphis (Nelson, Norvell, Wilson, McRae, Ivy & Sevier, Memphis, of counsel), for plaintiff-appellant.

Ronald Lee Gilman, Memphis (Farris, Hancock, Gilman, Branan & Lanier, Memphis, of counsel), for defendant-appellee.

## OPINION

FONES, Chief Justice.

The motion for summary judgment of The Hartford Accident and Indemnity Company (hereinafter defendant) was granted, and Great American Insurance Company (hereinafter plaintiff) appealed to this Court, pursuant to T.C.A. § 16–408.

Plaintiff insured Mrs. Gill and her automobile, which was being operated, with her permission, by her brother, Joseph Nuvolini, at the time of an accident on November 28, 1971, in Memphis, Tennessee. Plaintiff paid the sum of $5,506.05 in settlement of claims of parties in the other automobile, and brought suit against the defendant for contribution.

Defendant's policy was purchased and issued to Nuvolini in New York, where he was a resident at the time and at the time of the accident in Memphis.

The "other insurance" provisions of both policies contain clauses to the effect that coverage with respect to a non-owned automobile shall be excess insurance only. The Tennessee law applicable to the insurance policies issued by plaintiff and defendant requires proration between the policies of the owner and the driver on the

grounds of mutual repugnancy. Effective as to all policies written and renewed after May 1, 1973, our Legislature has changed that rule by making the owner's policy primary, and any other liability coverage, excess. Public Acts, 1973, Chapter 209. The parties concede that at all times relevant here, the rule of law applied in the State of New York is that the owner's liability insurance provides primary coverage and the driver's policy, excess.

The learned Chancellor, adhering to the rule of lex loci contractus, held that the law of New York should be applied and, since plaintiff's primary coverage exceeded the sum paid in settlement, the suit was dismissed.

Plaintiff contends that we should apply the rule of mutual repugnancy because logic and public policy considerations require the application of the law of the place which has the most significant relationship to the event and the parties. Our attention is called to the dominant contacts, or center of gravity approach that has gained acceptance in some states for the resolution of conflicts of laws questions.

In Winters v. Maxey, Tenn., 481 S.W.2d 755 (1972), the conflict involved the rule of lex loci delicti versus the contention that this Court should adopt the dominant contacts rule. The Alabama guest statute requiring wilful or wanton negligence to impose liability on the host, was applied, rather than the Tennessee rule of ordinary negligence, thus rejecting the dominant contacts doctrine. An able and persuasive dissent was filed by Mr. Justice Humphreys, in which the inevitable adoption of the dominant contacts rule, as formulated in Restatement, Conflict of Laws, § 145, was predicted, dictated by our mobile society and the increased interest of the State in its citizens. However, Mr. Justice Humphreys made it clear that his dissent was based upon his conviction that application of the harsh Alabama rule to two Tennesseans involved in an accident in Alabama was contrary to good morals, natural justice and the long standing law of this state.

The majority opinion in *Winters* contains an excellent analysis of a number of cases applying some form of a dominant contacts rule. It is shown therein that the method of analysis used in New York differs from that in use in Wisconsin, and produces different results in the same factual situation. It is further apparent from said case, and from our independent research, that there are further variations in the application of the rule in other states. In conclusion, the Court in *Winters*, found that the proposed new doctrine had failed to provide, as yet, a "uniform common law of conflicts" and, in that state, was less attractive than the hard and fast rule of lex loci delicti. The Court adhered to the rule of stare decisis and applied the lex loci delicti.

We find that the dominant contacts rule has made no significant progress toward uniformity since *Winters*. We are not persuaded by plaintiff's argument that public policy considerations are present in the instant case that call for our adoption of the dominant contacts rule. The conflict between the Tennessee rule and the New York rule involves no consideration prejudicial to the general interest of the citizens of Tennessee, as existed in the application of the Alabama guest rule in *Winters* and was responsible for Justice Humphreys' dissent.

In accord with the foregoing, the action of the Chancery Court of Shelby County, in sustaining defendant's motion for summary judgment and dismissing the case, is affirmed. Appellant, Great American Insurance Company, will pay the costs.

COOPER, HENRY, BROCK and HARBISON, JJ., concur.