**ELDON INDUSTRIES, INC., a California Corporation**

v.

**PARADIES AND COMPANY, a Georgia Corporation.**

Civ. A. No. 18712.

United States District Court,
N. D. Georgia,
Atlanta Division.
June 25, 1975.

Thomas C. Harney, Kilpatrick, Cody, Rogers, McClatchey & Regenstein, Atlanta, Ga., for plaintiff.

Marvin H. Shoob, Shoob, McLain & Jessee, Atlanta, Ga., for defendant.

## ORDER

RICHARD C. FREEMAN, District Judge.

This is an action by plaintiff seller, a California corporation, to recover an alleged debt, owed by defendant, a Georgia corporation, as a result of certain purchases of goods on open account. The action is presently before the court on cross motions for partial summary judgment. These motions relate primarily to the sufficiency of defendant's purported accord and satisfaction defense. As noted in an order entered in this action on March 28, 1975, an important preliminary question concerns the issue of whether California law or Georgia law should govern the accord and satisfaction defense. The parties have submitted supplemental briefs on this latter question; therefore the issues raised by the cross motions for summary judgment are now ripe for decision.

The accord and satisfaction, if any, in this action is predicated on partial payments for certain items listed on the account by means of checks mailed to plaintiff, endorsed, and deposited in California. These checks contain the following wording: "Payee by Endorse-

ment Acknowledges Receipt in Full as Per Statement Below Detached ~ by Payee." There is no dispute that these checks only covered certain of the items purchased by defendant; therefore the instant motions only seek partial summary judgment. Plaintiff seeks summary judgment in its behalf because of the following legal contention: "An accord and satisfaction effectuated by the cashing of a check cannot be used to settle certain credits in an open account which otherwise continues to remain open." Plaintiff argues that California law and Georgia law support this proposition; however defendant, relying on Georgia law, contends otherwise. If Georgia law and California law are identical on this issue, this is a case involving a "false conflict" and it makes no difference which law is applied. In effect, plaintiff espouses this contention. On the other hand, plaintiff argues that the law to be applied is California law, overlooking the proposition that a finding of a "false conflict" generally results in application of the *lex fori*. *See* W. Reese and M. Rosenberg, *Cases and Materials on Conflict of Laws* 524–25 (6th ed. 1971). In the prior order, this court concluded that it would avoid this type analysis, noting that better practice requires that this court make a preliminary determination, under conflict of laws rules applied by the Georgia courts, of whether Georgia or California law should govern the transaction. After reviewing the supplemental briefs on this issue, the court has concluded that Georgia law should govern all aspects of this case.

■ There are two alternative rules which may be applied in this case. Plaintiff argues that the traditional rule of *lex loci contractus* should control. *See Cox v. Adams,* 2 Ga. 158 (1847). Under that rule, plaintiff contends that California law should apply, since California is the place where the last act essential to execution of the contract of accord and satisfaction, endorsement of the checks, was performed. *See Peretz-*

*man v. Borochoff,* 58 Ga.App. 838, 200 S.E. 331 (1938). Plaintiff relies on *Delta Air Lines, Inc. v. McDonnell Douglas Corp.,* 350 F.Supp. 738 (N.D. Ga.1972), in support of its contention that the *lex loci contractus* rule remains viable in Georgia; however, in that case, the court applied California law "not only because the contract was made and performed in California, but also because the parties specifically agreed in the contract that California law would control." *Id.* at 742–43. Furthermore, as noted in this court's prior order, a recent Georgia case specifically held that "[t]he general [conflicts] rule [expressed by prior statute and case law] with regard to contracts has been repealed." *Allen v. Smith & Medford, Inc.,* 129 Ga.App. 538, 544, 199 S.E.2d 876 (1973) (on rehearing). Although the *Allen* case left open the question of which conflicts rule might govern actions not involving Georgia securities laws, *id.* at 542, 544, 199 S.E.2d 876, 881, the strong implication in that case is that the Georgia courts will now generally adhere to the "grouping of contracts" theories expressed in the Restatement (Second) of Conflicts § 188 (1971). This approach, also called the "center of gravity" approach, has in effect been adopted in actions controlled by the provisions of the Uniform Commercial Code, *see* Ga.Code Ann. § 109A–1–105; Annot., 63 A.L.R.3d 341 (1975), and has also been approved by this court. *See Ray v. National Inventory Control Systems, Inc.,* Civil Action No. 18630 (N.D.Ga. Feb. 20, 1975). As a result, the appropriate question is whether, pursuant to the center of gravity approach, California or Georgia law should govern this transaction.

■ Relevant portions of the Restatement set out the following five factors which should be taken into account in applying the center of gravity approach:

 (a) the place of contracting,

 (b) the place of negotiation of the contract,

(c) the place of performance,

(d) the location of the subject matter of the contract, and

(e) the domicil, residence, nationality, place of incorporation and place of business of the parties.

*Restatement (Second) of Conflicts* § 188(2) (1971). This court agrees with plaintiff that in the circumstances of this case application of these factors to the alleged accord and satisfaction serves little purpose; however it does not follow that the court must therefore apply the *lex loci contractus*—last act doctrine and rule on the validity of defendant's accord and satisfaction defense under California law. Moreover, this court does not agree that validation of the intent of the parties and protection of the interest of certainty, predictability and uniformity of result also compel application of California law. On the contrary, in cases involving purported contracts of accord and satisfaction, where the factors otherwise applicable in determining a choice of law question are in balance, it seems patently reasonable to rule that the law governing the underlying contract should also govern the contract of accord and satisfaction. In reaching this conclusion, the court recognizes that under common law and Georgia law principles, a contract of accord and satisfaction is a separate contract, *see* Ga.Code § 20–1201; but this fact does not compel a finding that one conflicts rule should be applied to the underlying contract and another to the contract of accord and satisfaction. As noted in the prior order, the same center of gravity approach may be applied to

both contracts. *See* Restatement (Second) of Conflicts § 212(2) (1971). Arguably, under some circumstances, applying the center of gravity approach might result in applying one state's law to the accord and satisfaction contract and another state's law to the underlying contract; but it is evident that those circumstances should be limited to those cases where the parties clearly intended such a result. Any other rule would frustrate the parties' expectations, to the detriment of predictability and certainty of commercial transactions. The anomaly presented by such an approach is aptly illustrated by this case, in which plaintiff might seek to apply California law to invalidate the purported contract of accord and satisfaction and Georgia law to validate the underlying contract.

◼ Plaintiff has not expressed its views regarding which law should govern the underlying contract, probably in recognition that Georgia law controls. As pointed out in defendant's brief, and undisputed by plaintiff,[1] the underlying contract was executed in Georgia, by plaintiff's sales agent located in Georgia; the merchandise forming the basis for the contract was delivered to defendant in Georgia; and that merchandise is presently stored in a Georgia warehouse. The only contacts with the state of California were the mailing of the checks and the deposit of those checks in plaintiff's California bank. As pointed out by defendant, plaintiff might just as well have maintained its financial center in Atlanta or Chicago, or for that matter, in a foreign country. As a result,

---

1. Plaintiff has filed a statement of material facts controverting defendant's assertion, included in a statement of material facts submitted with its motion for summary judgment, that the contracts were executed in Georgia through plaintiff's sales representative. *See* Local Court Rule 91.72. However, plaintiff has not adduced evidentiary support for any assertion to the contrary. Plaintiff merely notes that it has been unable to obtain an affidavit from its sales representative, citing Rule 56(f), Fed.R.Civ.P.; but plaintiff

has not complied with the procedural requirements of that rule with respect to deferral of a ruling on defendant's motion for summary judgment. More importantly, in its brief regarding the conflicts issue, plaintiff does not contest defendant's assertions regarding the transaction of business through the sales representative, preferring instead to rely on its legal contention that the question of which law governs the underlying contract is irrelevant to the question of which law governs the contract of accord and satisfaction.

this court agrees that the endorsement and deposit of the checks in California is a purely fortuitous circumstance which should not operate to require what is in essence a Georgia commercial transaction to be governed by California law. Under these circumstances, the fact that California may have been the place of execution of the contract of accord and satisfaction, standing alone, is simply not enough to warrant application of California law to this Georgia transaction.[2] As a result, the question for resolution is whether under Georgia law, the transactions in issue constituted a partial accord and satisfaction of the purported debt.

 Turning first to plaintiff's motion for partial summary judgment, it should be noted that since this motion is predicated solely on the legal contention that "certain credits" on an open account may not be discharged by an accord and satisfaction, this motion may more properly have been brought as a motion to strike the accord and satisfaction defense. See Rule 12(f), Fed.R. Civ.P. In any event, plaintiff's legal contention is incorrect. It is true that "[e]very payment upon an account does not amount to an accord and satisfaction of the whole account," *American Associated Companies, Inc. v. Vaughan,* 213 Ga. 119, 121, 97 S.E.2d 144, 146 (1957); however, it is equally true that where a check is tendered, accepted, and cashed in full settlement of the account, the debt evidenced by that account is discharged:

> In Georgia, the general rule on accord and satisfaction is that "if a debtor remits to the creditor a sum of money, less than the amount actually due, upon the condition, either express or implied, that it is in satisfaction of

the creditor's claim, and the latter accepts and retains the money an accord and satisfaction results, and this is true whether the demand be liquidated or unliquidated, disputed or undisputed." *Dixie Belle Mills v. Specialty & Co.,* 217 Ga. 104, 107, 120 S.E.2d 771, 774.

*Souchak v. Close, supra,* 132 Ga.App. at 250, 207 S.E.2d 708. Moreover, it is equally well settled that a check tendered as full payment for certain items on an open account may result in a contract of accord and satisfaction with respect to those individual items, even if the debtor's obligation on the balance of the account remains unaffected. *See, e. g., Redman Development Corp. v. Pollard,* 131 Ga.App. 708, 206 S.E.2d 605 (1974); *Gulf States Construction, Inc. v. Superior Rigging & Erecting Co.,* 125 Ga.App. 187, 186 S.E.2d 588 (1971). *See also Cox v. Fairbanks Co.,* 29 Ga. App. 538, 539, 116 S.E. 43 (1923). Plaintiff's arguments to the contrary are without merit; therefore plaintiff's motion for partial summary judgment is denied.

 In its motion, defendant seeks partial summary judgment on plaintiff's request for attorney's fees and on certain items listed in plaintiff's complaint which defendant contends are subject to its accord and satisfaction defense. In its statement of material facts in support of this motion, see Local Court Rule 91.72, defendant contends that there are forty items in dispute in this case. Defendant lists twenty-four of these items, totaling $27,033.69, as being subject to its accord and satisfaction defense. As noted above, this defense is predicated on periodic check payments presumably in response to plaintiff's billing statements arising from the continuing series

---

2. In a recent Georgia case, the court relied on Ga.Code Ann. § 81A–143(c) to conclude that Georgia law should apply to an accord and satisfaction issue, despite overwhelming contacts of the parties with the foreign state. *Souchak v. Close,* 132 Ga.App. 248, 207 S.E. 2d 708 (1974). The statute in question requires the party who intends to rely on

foreign law to give notice of such intent to the opposing party and to the court. *See also* Rule 44.1, Fed.R.Civ.P. In the instant case, defendant does not contend that plaintiff should be precluded from relying upon California law because of noncompliance with Rule 44.1.

of purchases of goods by defendant on open account. The payments in issue were made by means of six checks during the years 1970 and 1971. Each of these checks contains preprinted language to the effect that "payee by endorsement acknowledges receipt in full as per statement below detached by payee." The statement attached to these checks contains the following language: (1) "The above check is in payment of the following items" and (2) "if there is any question about this statement return without alteration." As a general proposition, these checks were accompanied by "remittance advice" forms which listed the invoices covered by the checks, and listed certain claimed discounts and credits, allegedly arising in part from claims for defective merchandise, donations to charity on plaintiff's behalf, and certain advertising outlays. Defendant contends that it considered these checks to be payment in full for the listed items and that plaintiff's acceptance, retention, and cashing of the checks constituted an accord and satisfaction of any balances owing on these items because of disputes with regard to the claimed deductions.

In opposition to the instant motion, plaintiff has submitted an opposing statement of material facts, consisting of some nine pages, which is cross referenced to defendant's factual contentions. This statement is also cross referenced to a brief in opposition to the motion, and this brief is in turn cross referenced to certain portions of the record which plaintiff contends support its version of the facts.[3] In its brief, plaintiff contends that the evidence before the court shows that defendant did not intend the checks to effectuate an accord and satisfaction, arguing (incorrectly) that under the circumstances of this case, intent to reach an accord and satisfaction

cannot be implied. In addition, plaintiff refers to the regular course of conduct between the parties, arguing that as a general proposition the various deductions claimed by defendant on the checks were merely preliminary estimates of credits which were thereafter resolved by negotiation between the parties. Plaintiff contends that as a result of this course of conduct, any accord and satisfaction which might have been predicated upon the cashing of checks by defendant was subsequently waived or rescinded.

■■■■ Defendant relies primarily on *Gulf States Construction, Inc. v. Superior Rigging & Erecting Co., supra,* in support of its motion. In this case, the defendant asserted an accord and satisfaction defense to plaintiff's suit on an open account. The defense was predicated on a check payment on the account, and a stub attached to the check which listed certain deductions from the amount billed by the plaintiff. In addition, the defendant had previously forwarded a letter to the plaintiff creditor which disclosed defendant's intent to claim the deductions. The court held as follows:

> The acceptance and cashing of the check with the deductions stated thereon, with full knowledge that these deductions had been made, constituted an execution of the contract of accord and satisfaction. The trial court erred, therefore, in directing a verdict for the plaintiff and in refusing to direct a verdict for the defendant . . . .

*Id.* 125 Ga.App. at 188, 186 S.E.2d at 589. This case has subsequently been interpreted to stand for the proposition that the acceptance and cashing of a check accompanied by an itemized listing of deductions constitutes an accord and satisfaction as a matter of law, at least

---

3. Better practice requires that each factual contention set forth in a Rule 91.72 statement should be cross referenced to the exact portion of the record from which that contention is derived. *E. g., Alpha Portland*

*Industries, Inc. v. Southern Concrete Co.,* Civil Action No. 74-361 (N.D.Ga. Feb. 21, 1975) ; *Walden v. Union Oil Co.,* Civil Action No. 17603 (N.D.Ga. Jan. 24, 1975).

where the evidence is not in dispute that the creditor realized, or should have realized, that the checks were tendered in full payment of the obligation. *See Souchak v. Close, supra,* 132 Ga.App. at 252, 207 S.E.2d 708. In fact, it is well settled that a party need not intend to enter a contract of accord and satisfaction to be bound by such a contract. On the contrary, under Georgia law, the mere act of accepting and cashing a check containing language of accord and satisfaction, or the act of cashing the check with knowledge that the tendered sum was less than the amount owed because of certain claimed deductions is often sufficient to constitute an accord and satisfaction. *See, e. g., Rivers v. Cole Corp.,* 209 Ga. 406, 73 S.E.2d 196 (1952); *Souchak v. Close, supra; Hornbuckle v. Continental Gin Co.,* 116 Ga. App. 449, 157 S.E.2d 829 (1967). In such circumstances, the act of depositing the check, coupled with knowledge that it was tendered in full settlement of the disputed claim, completes the contract of accord and satisfaction. Moreover, although the question has not apparently been expressly determined by the courts, the knowledge of the creditor regarding the purpose of the tender may be either express or implied; and, as a general proposition, where the check is accompanied by a statement or letter explaining the claimed deductions, or where the check contains express language of accord and satisfaction, the creditor's knowledge of its purpose is in effect conclusively presumed. *See Souchak v. Close, supra; Gulf States Construction, Inc. v. Superior Rigging & Erecting Co., supra; Hornbuckle v. Continental Gin Co., supra.*

Thus, insofar as plaintiff's conduct may constitute an effective execution of the purported contract of accord and satisfaction, defendant would be entitled to summary judgment. On the other hand, as pointed out by plaintiff, a contract of accord and satisfaction requires, in the first instance, intent on the part of the debtor to tender the check in full settlement of the disputed claims. Arguably this intent may also be inferred, or presumed by the express language on the checks; however this is not a conclusive presumption.[4] Where the evidence is arguably in dispute, the question should generally be submitted to the jury. *See, e. g., American Associated Companies, Inc. v. Vaughan, supra; Mason Gin & Fertilizer Co., Inc. v. Piedmont Acid Delinting, Inc., supra. See also Vintage Enterprises, Inc. v. Guerdon Industries, Inc.,* 365 F.Supp. 465 (N.D.Ga.1973). In the opinion of the court, this is such a case.

As noted above, plaintiff contends that the various check payments in issue here were merely part of a continuing series of transactions conducted in the ordinary course of the business relationship between plaintiff and defendant. Plaintiff contends, and the evidence tends to show, that the par-

---

4. Intent on the part of the debtor to submit a check in full settlement of certain items on an open account, when coupled with knowledge of the creditor, either express or implied, regarding the purpose of that tender, is sufficient to create a contract of accord and satisfaction. This is the only extent to which such a contract requires a "meeting of the minds," for it is well settled under Georgia law that an *agreement* to reach an accord and satisfaction of a disputed debt may be either express or *implied. See, e. g., Dixie Belle Mills, Inc. v. Specialty Machine Co.,* 217 Ga. 104, 107–110, 120 S.E.2d 771 (1961); *Souchak v. Close, supra. See also Pennsylvania Threshermen & Farmers Mutual Casualty Insurance Co. v. Hill,* 113 Ga.App. 283, 294, 148 S.E.2d 83 (1966). The extent of evidence required to submit the question to a jury of whether the parties entered an implied contract of accord and satisfaction is apparently very slight. *Cf. Mason Gin & Fertilizer Co., Inc. v. Piedmont Acid Delinting, Inc.,* 126 Ga.App. 298, 190 S.E.2d 604 (1972).

As pointed out above, once there is a sufficient "meeting of the minds" to give rise to an implied or express contract of accord and satisfaction, that contract is fully executed and the underlying debt discharged upon the acceptance, retention and cashing of the check or the tendered sum by the creditor.

ties' adjustment of the balance owed on the open account by means of checks and credit and debit memos was part of the ordinary conduct of their business relationship; and that under these circumstances, this court may not conclude, as a matter of undisputed fact and law, that the check payments were tendered in full payment of the items shown. Although plaintiff has not cited any express authority for its proposition, at least one Georgia court has implied that check payments accompanied by settlement sheets containing the notation "subject to correction" would not give rise to valid claim of accord and satisfaction. *See Mitchell v. Asbury,* 94 Ga. App. 465, 466, 95 S.E.2d 341 (1956). By the same token, a subsequent course of conduct resulting in continuing adjustment of the amount due would tend to rebut any inference or presumption that the parties had intended or understood that the check payments constituted an accord and satisfaction of the disputed claims. Furthermore, as pointed out by plaintiff, a completed contract of accord and satisfaction "may be rescinded by agreement, or waived by acts or conduct of a party thereto, whereby the debt would be restored to its original status. *Dixie Belle Mills, Inc. v. Specialty Machine Co.,* 217 Ga. 104, 120 S. E.2d 771." *Motorola Communications & Electronics, Inc. v. South Georgia Natural Gas Co.,* 104 Ga.App. 376, 381, 121 S.E.2d 672, 676 (1961). Where certain payments of items owed on an open account, followed by subsequent payments on the account, are alleged to constitute an accord and satisfaction of all or a part of the account, the waiver issue is often a question for the jury. *Id.* Under the circumstances of this case, both the question of whether the checks were indeed tendered in full settlement of the disputed amounts due, and whether any accord and satisfaction which resulted was subsequently waived or rescinded, present triable issues of fact for the jury. As a result, to the extent that defendant seeks partial summary judgment

in its behalf on the accord and satisfaction issue, its motion is denied.

▬▬▬ Defendant also seeks summary judgment in its behalf on the issue of whether or not plaintiff may be entitled to the recovery of attorney's fees. The recovery of such fees must be predicated on Ga.Code § 20–1404, which provides as follows:

> The expenses of litigation are not generally allowed as a part of the damages; but if the defendant has acted in bad faith, or has been stubbornly litigious, or has caused the plaintiff unnecessary trouble and expense, the jury may allow them.

As pointed out by defendant, the bad faith referred to in this statute relates to bad faith in entering into the contract, *e. g., McKenzie v. Mitchell,* 123 Ga. 72, 51 S.E. 34 (1905); however, it is also true that such bad faith may occur at the inception of the contract or in carrying out its provisions. *G. E. C. Corp. v. Levy,* 126 Ga.App. 604, 607, 191 S.E.2d 461 (1972). As a result, a subsequent breach of the contract may, under some circumstances, give rise to a claim of bad faith under § 20–1404. *Id. See Edwards-Warren Tire Co. v. Coble,* 102 Ga.App. 106, 115 S.E.2d 852 (1960). In the instant case, plaintiff contends that an award of attorney's fees may be predicated on defendant's bad faith refusal to pay because of its belated assertion of an accord and satisfaction defense. Although this claim may arguably be construed as an allegation regarding bad faith performance of the contract, more properly, the recovery of attorney's fees, if any, in this action should be predicated on the stubborn litigiousness section of the statute. Under that section, the existence of a genuine dispute or "bona fide controversy" precludes an award of attorney's fees. *E. g., Buffalo Cab Co. v. Williams,* 126 Ga.App. 522, 191 S.E.2d 317 (1972); *Colbert Co., Inc. v. Newsom,* 125 Ga. App. 571, 188 S.E.2d 266 (1972). In the instant case, the court has denied plaintiff's motion for summary judgment on

the accord and satisfaction issue and denied defendant's motion to the extent it relates to the same issue because the asserted defense presents triable issues of fact. Under these circumstances, this action presents a *bona fide* controversy which precludes an award of attorney's fees.[5] Accordingly, to the extent defendant seeks summary judgment in its behalf on this issue, its motion is granted.

In sum, this court has denied plaintiff's motion for partial summary judgment, and denied in part and granted in part defendant's motion for partial summary judgment, concluding that oral argument with respect to defendant's motion is not warranted. Accordingly, defendant's motion for oral argument is likewise denied.

It is so ordered.

---

5. In light of the fact that this court has determined that the accord and satisfaction defense, in and of itself, presents a sufficiently *bona fide* controversy to preclude an award of attorney's fees, it is not necessary to inquire regarding the degree to which the other defenses asserted in the answer might present equally *bona fide* disputes.