## 62859. TERRY v. MAYS et al.

Quillian, Chief Judge.

Plaintiff-appellant Terry, a South Carolina resident, had an automobile insurance policy with State Farm Mutual Automobile Insurance Company (State Farm). The policy was entered into in South Carolina and included coverage for damage inflicted by an uninsured motorist. Terry and defendant Mays were involved in an automobile collision in Georgia. Mays was an uninsured motorist. Because service could not be obtained on Mays in South Carolina, Terry commenced this action for damages in Georgia against Mays, who answered the complaint. State Farm was served a copy of the complaint under the provisions of Code Ann. § 56-407.1 (d) (Ga. L. 1963, p. 588 through 1980, p. 1428), the Georgia uninsured motorist statute. State Farm answered the complaint in its own name as a party at interest, which is authorized by Code Ann. § 56-407.1 (d), supra. Thereafter, without the knowledge or consent of State Farm, Terry and Mays entered into a consent judgment against Mays for $15,000. State Farm thereupon made a motion to be relieved as a party at interest because Terry had violated a provision of the insurance policy which excluded uninsured motorist coverage if the insured settled with an uninsured motorist without the consent of State Farm. Applying South Carolina law, the trial court granted the motion, from which Terry takes this appeal. *Held:*

1. Appellant's contention that the trial court erred in applying South Carolina law because procedural, rather than substantive law was involved is without merit. The issue is whether the exclusionary provision of the South Carolina contract, lawful in South Carolina and to be performed primarily in South Carolina, will be enforced in Georgia courts where such an exclusion is not favored by Georgia law.

The policy exclusion of coverage for settlement without consent of the insurer is lawful in South Carolina. Childs v. Allstate Ins. Co.,

237 SC 455 (117 SE2d 867)(2) (1961). However, such an exclusion has been held repugnant to Code Ann. § 56-407.1 (g), supra, which provides that no policy may require anything of an insured, subject to other policy provisions, "except the establishment of legal liability, nor shall the insured be restricted or prevented, in any manner from employing legal counsel or instituting legal proceedings." *Gulf American Fire & Cas. Co. v. McNeal,* 115 Ga. App. 286 (4b) (154 SE2d 411).

"The leading Georgia case explanatory of the law of lex loci contractus is *Trustees of Williams Hospital v. Nisbet,* 189 Ga. 807 (7 SE2d 737) where our court said (p. 811): 'Where a pleaded contract not only is executed in a foreign State, but contains nothing to indicate by the place of performance or otherwise that it was intended to be construed as a Georgia contract, it will be treated as a contract of the foreign State, and governed by its laws. (Cits.)' The general rule is that it will not be presumed that a contract is illegal. 6 Encyc. of Ga. L. 174, § 115. Additionally contracts made and performed in another state will be enforced unless such state's laws are contrary to the public policy of the enforcing state. [Cits.] . . . 'A contract should not be held unenforceable as being in contravention of public policy except in cases free from substantial doubt where the prejudice to the public interest clearly appears.' " *Mathews v. Greiner,* 130 Ga. App. 817, 819-20 (204 SE2d 749).

Assuming arguendo, based on the holding of *Gulf American Fire & Cas. Co. v. McNeal,* 115 Ga. App. 286, supra, that the enforcement of such a policy exclusion is contrary to public policy in Georgia, we find that it does not prevent the enforcement of the provision against appellant who is in the courts of Georgia only because she could not obtain service on the defendant uninsured motorist in South Carolina. Under the circumstances any prejudice to the public interest in Georgia is not apparent.

"Enforcement of a contract or a contract provision which is valid by the law governing the contract will not be denied on the ground of public policy, unless a 'strong case' for such action is presented; mere dissimilarity of law is not sufficient for application of the public policy doctrine. A contract is not necessarily contrary to the public policy of a state merely because it could not validly have been made there, notwithstanding the making of such contracts in the place of the forum is expressly prohibited by statute." 16 AmJur2d 45, 46-47, Conflict of Laws, § 20, and see cases there cited.

Moreover, the exclusion of coverage provision was raised as a defense to appellant's action in which appellee insurer appears as a defendant, and refusal to enforce the provision would be a denial of due process of law. "[A] . . . class of cases in which recognition of the

330

law of the situs of the contract . . . has been required comprises cases in which a right validly acquired under the law of the other state is set up by way of defense to an action in the forum, the law of which is opposed or contrary to the defensive matter. In such cases the requirement of the full faith and credit provisions is aided by the due process and contract provisions of the Constitution, to bring about recognition of foreign law, since enforcing the contract or other right stripped of the defensive provision valid under the applicable law would be making a new and different contract or creating a new right, and this would amount to a taking of property without due process of law, or in violation of the contract." 16 AmJur2d 30, 33, Conflict of Laws, § 13. See John Hancock Mut. L. Ins. Co. v. Yates, 299 U. S. 178 (57 SC 129, 81 LE 106); Bradford Elec. Light Co. v. Clapper, 286 U. S. 145 (52 SC 571, 76 LE 1026); Protective L. Ins. Co. v. Lamargue, 180 Miss. 243 (177 S 15); Holderness v. Hamilton Fire Ins. Co. of N. Y., 54 FSupp. 145 (D. C. Fla. 1944); Hutchinson v. Hutchinson, 48 Cal. App. 2d 12 (119 P2d 214).

2. Appellant asserts that even if the South Carolina law is applicable, the trial court misapplied it as Childs v. Allstate Ins. Co., 237 SC 455, supra, did not enforce the exclusion against a South Carolina policyholder.

The assertion is without merit as the Childs case is factually distinguishable. In Childs the exclusion was not enforced because the insurer denied liability based on its determination that its insured was responsible for the collision with the uninsured motorist. The court held that the insurer was therefore barred from asserting the exclusion after the insured had obtained a judgment against the uninsured motorist and brought suit against the insurer to recover.

The facts in the instant case show no such denial of liability on the part of appellee insurer, only an entry into the action in its own name as procedurally permitted by Code Ann. § 56-407.1 (d), supra.

3. The remaining enumeration has no merit.

*Judgment affirmed. McMurray, P. J., and Pope, J., concur.*

DECIDED JANUARY 19, 1982 —
REHEARING DENIED FEBRUARY 18, 1982 — 

*Alfred N. Corriere, Don R. Moorhead,* for appellant.
*Robert B. Struble, Rodger E. Davison, John Dickerson,* for appellee.