65460. SEABOARD COAST LINE RAILROAD COMPANY et al.
v. MAVERICK MATERIALS, INC.

McMURRAY, Presiding Judge.

The narrow issue presented in the case sub judice is whether an employer can be liable under an indemnity agreement when it would otherwise be immune from liability under OCGA § 34-9-11 (formerly Code Ann. § 114-103 (Ga. L. 1974, pp. 1143, 1144; 1980, pp. 1145, 1146)).

Seaboard Coast Line Railroad Company and The Louisville and Nashville Railroad Company d/b/a Georgia Railroad (hereinafter "railroad") were sued by an employee of Maverick Materials, Inc. (hereinafter "Maverick"), who alleged that he was injured due to the railroad's negligence. The employee did not, and could not, sue Maverick because it was paying workers' compensation benefits relating to the injury. OCGA § 34-9-11 (Code Ann. § 114-103), supra. The railroad, however, brought Maverick into the action as a third-party defendant, alleging that if it was liable to the plaintiff employee, then the railroad will be entitled to indemnification or contribution from Maverick under the express terms of an indemnity agreement between them. The agreement provides in material part: "[Maverick] also agrees to indemnify and hold harmless Railroad for loss, damage or injury . . . from any act or omission of [Maverick] . . . and if any claim or liability other than from fire shall arise from the joint or concurring negligence of both parties, it shall be borne by them equally."

Maverick moved for summary judgment on the ground that the

workers' compensation law precluded the third-party action, and the trial court granted the motion. The railroad appeals. *Held:*

The railroad concedes, as it must, that OCGA § 34-9-11 (Code Ann. § 114-103), supra, precludes an employee from suing his employer who is paying workers' compensation benefits with regard to the same injury. *Ga. Power Co. v. Diamond,* 130 Ga. App. 268 (2) (202 SE2d 704). The railroad further concedes, as it must also, that OCGA § 34-9-11 (Code Ann. § 114-103), supra, precludes a third-party action against such an employer by a joint tortfeasor for contribution. *Ga. State Tel. Co. v. Scarboro,* 148 Ga. App. 390, 391 (1) (251 SE2d 309). The railroad contends, however, that OCGA § 34-9-11 (Code Ann. § 114-103), supra, does not preclude a third-party action against such an employer on the basis of an indemnity agreement. It argues that while OCGA § 34-9-11 (Code Ann. § 114-103), supra, immunizes the employer from liability in tort (see *Fenster v. Gulf States Ceramic,* 124 Ga. App. 102, 107 (182 SE2d 905), revd. on other grounds, *Gulf States Ceramic v. Fenster,* 228 Ga. 400 (185 SE2d 801); *Central of Ga. R. Co. v. Lester,* 118 Ga. App. 794, 800 (2), 803 (165 SE2d 587)), it does not immunize the employer from contractual liability under an indemnity agreement.

The railroad further asserts that this issue has not been resolved in Georgia, and, therefore, we ought to look at the decisions of other states as persuasive authority, referring us to a recent collection of such cases in 100 ALR3d 350, §§ 5 and 8, and highlighting several particularly favorable ones. Maverick, on the other hand, contends that there is sufficient authority in Georgia upon which to base our decision.

At the outset, we note that both parties have either overlooked or discounted the significance of one line of cases. In *Ga. State Tel. Co. v. Scarboro,* 148 Ga. App. 390, 391 (2), supra, this court implicitly recognized the validity of indemnity agreements under similar circumstances. In *Arthur Pew Constr. Co. v. Bryan Constr. Co.,* 148 Ga. App. 114, 115 (1) (251 SE2d 105), this court held that the workers' compensation act is not a bar to a defendant's contractual right of indemnity from a third-party defendant. Accord: *Benson Paint Co. v. Williams Constr. Co.,* 128 Ga. App. 47 (195 SE2d 671). See also *Binswanger Glass Co. v. Beers Constr. Co.,* 141 Ga. App. 715, 717 (3) (234 SE2d 363).

In each of these cases, the relationship of the defendant and third-party defendant at the time of the injury to the employee was that of contractor/subcontractor. The parties in the case sub judice were not so situated. We, therefore, must determine the significance of this distinction and we will do so by examining it in the context of the other authorities bearing on the ultimate issue. We pause to note

that in each of the cases immediately above, the third-party action was for indemnification of the defendant's anticipated liability to the plaintiff as a result of the main action rather than for indemnification for compensation paid, pursuant to OCGA § 34-9-8 (formerly Code Ann. § 114-112 (Ga. L. 1920, p. 178; 1969, p. 671)).

In *Ga. Power Co. v. Diamond,* 130 Ga. App. 268 (4), supra, this court stated broadly that "there can be no third party action against the employers" and, further: "The law forbids the third-party defendant from becoming secondarily liable to the original defendant after having previously paid workmen's compensation in connection with the same transaction." While these statements are certainly broad enough to encompass a third-party action based upon an indemnity agreement, the statements are unnecessarily broad for the facts and isssues of that case and thus are dicta (persuasive dicta, but dicta nonetheless). It is noteworthy that, although that case did not involve indemnity, the parties were in the relationship of contractor/subcontractor.

In other cases, as noted supra, this court has stated more narrowly that once an employer is liable for workers' compensation payments, it cannot become liable further *in tort* in connection with the same injury. *Fenster v. Gulf States Ceramic,* 124 Ga. App. 102, supra; *Central of Ga. R. Co. v. Lester,* 118 Ga. App. 794, supra. However, there was not a contract issue in either case and neither case involved a contractor/subcontractor relationship. In *Central of Ga. R. Co. v. Lester,* supra, at pages 801-804, this court held that the third-party defendant could not be made liable under an indemnity theory (as it was not contended that there was any express contract of indemnity), but did not rule out indemnity as a potential basis generally. Federal courts, applying Georgia law, have held similarly. See Coleman v. Gen. Motors Corp., 386 FSupp. 87, 88-89 (headnotes 1-3) (N.D. Ga.); O'Steen v. Lockheed Aircraft Corp., 294 FSupp. 409 (5) (N.D. Ga.); see also Freeman v. Kohl & Vick Machine Works, 673 F2d 196 (5) (7th Cir.) (referring to Georgia law).

More generally, it can be argued on the one hand that OCGA § 34-9-11 (Code Ann. § 114-103), supra, is manifestly for the benefit of the employer (see *Williams Bros. Lumber Co. v. Meisel,* 85 Ga. App. 72, 74 (3), 75 (68 SE2d 384)) and the employer is not prohibited from waiving the benefits of the section by express contract. See generally *Batson-Cook Co. v. Ga. Marble Setting Co.,* 112 Ga. App. 226 (144 SE2d 547); Smith v. Seaboard Coast Line R. Co., 639 F2d 1235 (4) (5th Cir.) (applying Georgia law). On the other hand, it is axiomatic that any agreement repugnant to law or public policy is void. *Screven Oil Co. v. Jarrell,* 171 Ga. 837 (1) (157 SE 96); see OCGA § 13-8-2 (formerly Code Ann. § 20-504 (Ga. L. 1970, p. 441)). Moreover, "one

cannot do indirectly that which the law does not allow done directly," as a general rule. *Shell v. Watts,* 125 Ga. App. 542, 545 (6) (188 SE2d 269), revd. on other grounds, 229 Ga. 474 (192 SE2d 265). Accord: *Eschen v. Roney,* 127 Ga. App. 719, 720 (194 SE2d 589).

The line of cases recognizing the validity of indemnity agreements in the workers' compensation setting ( *Ga. State Tel. Co. v. Scarboro,* 148 Ga. App. 390, supra; *Arthur Pew Constr. Co. v. Bryan Constr. Co.,* 148 Ga. App. 114, supra; *Benson Paint Co. v. Williams Constr. Co.,* 128 Ga. App. 47, supra) by implication, holds that the indemnity agreements are neither repugnant to the workers' compensation law nor the public policy behind it. We therefore must determine if the fact that those cases involved contractors and subcontractors had any material bearing on that implicit conclusion. In other words, the ultimate question is whether OCGA § 34-9-11 (Code Ann. § 114-103), supra, precludes a third-party action based upon an indemnity agreement between parties not bearing the relationship of contractor/subcontractor when it does not preclude such an action between parties so situated.

In the final analysis, we find nothing in the law, or the public policy behind the law, that calls for a disparate treatment of third parties in this context. Contractors and subcontractors may agree to indemnity so as to render an employer more liable than he need be under OCGA § 34-9-11 (Code Ann. § 114-103), supra, and we see no reason why parties in other forms of privity may not do so. We hold that the indemnity agreement in the case sub judice is not in contravention of OCGA § 34-9-11 (Code Ann. § 114-103), supra, and therefore enforcement of the agreement is not barred by that section. *Arthur Pew Constr. Co. v. Bryan Constr. Co.,* 148 Ga. App. 114, supra.

*Judgment reversed. Shulman, C. J., and Birdsong, J., concur.*

DECIDED JUNE 6, 1983 —
REHEARING DENIED JUNE 28, 1983.

*William B. Brown,* for appellants.
*M. David Merritt, William S. Sutton, Paul D. Hermann,* for appellee.