## 40364. GENERAL TELEPHONE COMPANY OF THE SOUTHEAST v. TRIMM.

WELTNER, Justice.

We have received from the United States Court of Appeals for the Eleventh Circuit the following certified questions.

"1. Whether the appropriate Georgia conflicts of law system applies the substantive law of Georgia, Alabama, North Carolina, or Virginia to the dispute between a Virginia corporation with its principal place of business in North Carolina and an Alabama company?

"2. If the answer to question (1) is that Georgia's substantive law applies, may a party enforce a contractual indemnity provision against an employer who has paid workers' compensation benefits to an injured employee under either the Georgia or another state's workers' compensation system?"

The facts of this case are fully set out in the opinion of the United States Court of Appeals. General Telephone Co. v. Trimm, 706 F2d 1117 (11th Cir. 1983). As stated in Trimm, the issues concern whether Georgia continues to adhere to the traditional rule of *lex loci contractus* in cases involving conflicts of law, or whether Georgia has adopted the Restatement (Second) of Conflicts "center of gravity" system, infra.

As early as 1847, Georgia adopted the traditional rule that *lex loci contractus* shall control. *Cox v. Adams,* 2 Ga. 158 (1847). Under this approach, "[contracts] are to be governed as to their nature, validity, and interpretation by the law of the place where they were made, except where it appears from the contract itself that it is to be performed in a State other than that in which it was made, in which case, . . . the laws of that sister State will be applied. . . ." *Tillman v. Gibson,* 44 Ga. App. 440, 442-43 (161 SE 630) (1931). See Restatement of the Law of Conflict of Laws, §§ 332, 358 (1934). In order to determine where a contract was made, the court must determine where the last act essential to the completion of the contract was done. *Peretzman v. Borochoff,* 58 Ga. App. 838 (200 SE 331) (1938).

The rule of *lex loci contractus* was unquestioned until 1973, when our Court of Appeals declared the rule repealed by the enactment of the Georgia Uniform Commercial Code. *Allen v. Smith & Medford, Inc.,* 129 Ga. App. 538 (199 SE2d 876) (1973). In *Allen,* the court held that the rule was no longer applicable to the Georgia Securities Act, but that "[o]ur courts may still apply the essence of that rule in other situations." 129 Ga. App. at 544.

Subsequent federal cases interpreted *Allen v. Smith & Medford,*

*Inc.,* supra, to mean that our courts have embraced the "center of gravity" approach as expressed in the Restatement (Second) of Conflicts, § 188 (1971). See Eldon Indus. v. Paradies & Co., 397 FSupp. 535 (N. D. Ga. 1975); General Telephone Co. v. Trimm, 706 F2d, supra at 1121 (11th Cir. 1983). The center of gravity theory (also known as the "grouping of contracts" theory) requires the court to examine five factors in order to determine which state law to apply in contract cases involving choices of law. These factors include (1) the place of contracting, (2) the place of negotiation of the contract, (3) the place of performance, (4) the location of the subject matter of the contract, and (5) the domicile, residence, nationality, place of incorporation, and place of business of the parties. Restatement (Second) of Conflicts, § 188 (1971).

*Allen v. Smith & Medford, Inc.,* supra, did not alter our laws to embrace this newer theory. In *Mathews v. Greiner,* 130 Ga. App. 817 (204 SE2d 749) (1974), the court pronounced *Trustees of Jesse Parker Williams Hosp. v. Nisbet,* 189 Ga. 807 (7 SE2d 737) (1940) as the "leading Georgia case explanatory of the law of *lex loci contractus*" and adopted its rule: "Where a pleaded contract not only is executed in a foreign State, but contains nothing to indicate by the place of performance or otherwise that it was intended to be construed as a Georgia contract, it will be treated as a contract of the foreign State, and governed by its laws." 130 Ga. App. at 819. Accord *Terry v. Mays,* 161 Ga. App. 328, 329 (291 SE2d 44) (1982). Also, in *Commercial Credit Plan, Inc. v. Parker,* 152 Ga. App. 409 (263 SE2d 220) (1979), the court determined that public policy considerations did not prevent the application of South Carolina law where South Carolina was the *lex loci contractus.*

Although the "center of gravity" system is a more recent development in choice of law cases, we are impressed with the findings of other jurisdictions that this approach is neither less confusing nor more certain than our traditional approach. See Winters v. Maxey, 481 SW2d 755 (Tenn. 1972); Great American Ins. Co. v. Hartford Accident &c. Co., 519 SW2d 579 (Tenn. 1975); Abendschein v. Farrell, 170 NW2d 137 (Mich. 1969); Friday v. Smoot, 211 A2d 594 (Del. 1965). Until it becomes clear that a better rule exists, we will adhere to our traditional approach.

As to the application of *lex loci contractus* in the present case, we agree with the reasoning of the Eleventh Circuit in General Telephone Co. v. Trimm, 706 F2d at 1119-1120. The last act essential to the completion of the contract having occurred in this state, Georgia law applies.

The second certified question has been answered by a recent decision of the Court of Appeals. *Seaboard C. L. R. Co. v. Maverick*

*Materials, Inc.,* 167 Ga. App. 160 (305 SE2d 810) (1983). There, the court held that a contractual indemnity provision can be enforced against an employer who has paid workers' compensation benefits to an injured employee. Cf. *Sargent Indus. v. Delta Air Lines,* 251 Ga. 91 (303 SE2d 108) (1983). Accordingly, the second certified question is answered in the affirmative.

*Certified questions answered. All the Justices concur, except Gregory, J., who dissents.*

DECIDED JANUARY 27, 1984 —
REHEARING DENIED FEBRUARY 15, 1984.

Swift, Currie, McGhee & Hiers, Warner S. Currie, Sherie Bell Christy, James M. Poe, Michael J. Athans, for appellant.
Brinson, Askew & Berry, Robert M. Brinson, for appellee.

GREGORY, Justice, dissenting.

I respectfully dissent for the reason that I would adopt the "center of gravity" or "grouping of contracts" theory to resolve the conflicts of law issues in contract cases. Restatement (Second) of Conflict of Laws, § 188 (1971).