**GENERAL TELEPHONE COMPANY OF THE SOUTHEAST, Plaintiff-Appellant,**

v.

**J.B. TRIMM, d/b/a Trimm Contracting Company, Defendant-Appellee.**

No. 82–8440.

United States Court of Appeals, Eleventh Circuit.

March 26, 1984.

Warner S. Currie, Sherie Bell Christy, Michael J. Athans, Atlanta, Ga., for plaintiff-appellant.

Robert M. Brinson, Rome, Ga., for defendant-appellee.

Before RONEY and HILL, Circuit Judges, and MORGAN, Senior Circuit Judge.

PER CURIAM:

Finding that this matter presented important issues of Georgia law on which there were no clear, controlling precedents, we certified the following question to the Supreme Court of Georgia. *See General Telephone Company v. Trimm,* 706 F.2d 1117 (11th Cir.1983).

1. Whether the appropriate Georgia conflicts of law system applies the substan-

tive law of Georgia, Alabama, North Carolina, or Virginia to the dispute between a Virginia Corporation with its principal place of business in North Carolina and an Alabama company.

2. If the answer to question (1) is that Georgia's substantive law applies, may a party enforce a contractual indemnity provision against an employer who has paid workers' compensation benefits to an injured employee under either the Georgia or another state's workers' compensation system?

The facts of this case are fully set forth in our previous opinion. In its opinion, 252 Ga. 95, 311 S.E.2d 460 (1984), the Georgia Supreme Court held that Georgia law applies to this dispute and that a contractual indemnity provision can be enforced against an employer who has paid workers' compensation benefits to an injured employee. (The opinion of the Georgia Supreme Court is attached as an appendix.) We therefore reverse the opinion of the district court and remand for proceedings not inconsistent with this opinion.

REVERSED and REMANDED.

### APPENDIX

In the Supreme Court of Georgia

Decided:

40364. GENERAL TELEPHONE COMPANY OF THE SOUTHEAST v. TRIMM

WELTNER, Justice.

We have received from the United States Court of Appeals for the Eleventh Circuit the following certified questions.

"1. Whether the appropriate Georgia conflicts of law system applies the substantive law of Georgia, Alabama, North Carolina, or Virginia to the dispute between a Virginia corporation with its principal place of business in North Carolina and an Alabama company?

"2. If the answer to question (1) is that Georgia's substantive law applies, may a party enforce a contractual indemnity provision against an employer who has paid

workers' compensation benefits to an injured employee under either the Georgia or another state's workers' compensation system?"

The facts of this case are fully set out in the opinion of the United States Court of Appeals. *General Telephone Co. v. Trimm,* 706 F.2d 1117 (11th Cir.1983). As stated in *Trimm,* the issues concern whether Georgia continues to adhere to the traditional rule of *lex loci contractus* in cases involving conflicts of law, or whether Georgia has adopted the Restatement (Second) of Conflicts "center of gravity" system, infra.

As early as 1847, Georgia adopted the traditional rule that *lex loci contractus* shall control. *Cox v. Adams,* 2 Ga. 158 (1847). Under this approach, "[contracts] are to be governed as to their nature, validity and interpretation by the law of the place where they were made, except where it appears from the contract itself that it is to be performed in a State other than that in which it was made, in which case ... the laws of that sister State will be applied...." *Tillman v. Gibson,* 44 Ga.App. 440, 442–43, 161 S.E. 630 (1931). See Restatement of the Law of Conflict of Laws §§ 332, 358 (1934). In order to determine where a contract was made, the court must determine where the last act essential to the completion of the contract was done. *Peretzman v. Borochoff,* 58 Ga.App. 838, 200 S.E. 331 (1938).

The rule of *lex loci contractus* was unquestioned until 1973, when our Court of Appeals declared the rule repealed by the enactment of the Georgia Uniform Commercial Code. *Allen v. Smith & Medford, Inc.,* 129 Ga.App. 538, 199 S.E.2d 876 (1973). In *Allen,* the court held that the rule was no longer applicable to the Georgia Securities Act, but that "[o]ur courts may still apply the essence of that rule in other situations." 129 Ga.App. at 544, 199 S.E.2d 876.

Subsequent federal cases interpreted *Allen v. Smith & Medford, Inc.,* supra, to mean that our courts have embraced the "center of gravity" approach as expressed in the Restatement (Second) of Conflicts

§ 188 (1971). See *Eldon Industries, Inc. v. Paradies and Co.,* 397 F.Supp. 535 (N.D.Ga. 1975), *General Telephone Co. v. Trimm,* 706 F.2d 1117, 1121 (11th Cir.1983). The center of gravity theory (also known as the "grouping of contacts" theory) requires the court to examine five factors in order to determine which state law to apply in contract cases involving choices of law. These factors include (1) the place of contracting, (2) the place of negotiation of the contract, (3) the place of performance, (4) the location of the subject matter of the contract, and (5) the domicile, residence, nationality, place of incorporation, and place of business of the parties. Restatement (Second) of Conflicts § 188 (1971).

*Allen v. Smith & Medford, Inc.,* supra, did not alter our laws to embrace this newer theory. In *Mathews v. Greiner,* 130 Ga. App. 817, 204 S.E.2d 749 (1974), the court pronounced *Trustees of Williams Hospital v. Nisbet,* 189 Ga. 807, 7 S.E.2d 737 (1940) as the "leading Georgia case explanatory of the law of *lex loci contractus*" and adopted its rule: "Where a pleaded contract not only is executed in a foreign State, but contains nothing to indicate by the place of performance or otherwise that it was intended to be construed as a Georgia contract, it will be treated as a contract of the foreign State, and governed by its laws." 130 Ga.App. at 819, 204 S.E.2d 749. Accord *Terry v. Mays,* 161 Ga.App. 328, 329, 291 S.E.2d 44 (1982). Also, in *Commercial Credit Plan, Inc. v. Parker,* 152 Ga.App. 409, 263 S.E.2d 220 (1979), the court determined that public policy considerations did not prevent the application of South Carolina law where South Carolina was the *lex loci contractus.*

Although the "center of gravity" system is a more recent development in choice of law cases, we are impressed with the findings of other jurisdictions that this approach is neither less confusing nor more certain than our traditional approach. See *Winters v. Maxey,* 481 S.W.2d 755 (Tenn. 1972), *Great American Insurance Co. v. Hartford Accident & Indemnity Co.,* 519 S.W.2d 579 (Tenn.1975), *Abendschein v. Farrell,* 382 Mich. 510, 170 N.W.2d 137 (1969), *Friday v. Smoot,* 211 A.2d 594 (Del. 1965). Until it becomes clear that a better rule exists, we will adhere to our traditional approach.

As to the application of *lex loci contractus* in the present case, we agree with the reasoning of the Eleventh Circuit in *General Telephone Co. v. Trimm,* 706 F.2d at 1119–1120. The last act essential to the completion of the contract having occurred in this state, Georgia law applies.

The second certified question has been answered by a recent decision of the Court of Appeals. *Seaboard Coast Line Railroad Co. v. Maverick Materials, Inc.,* 167 Ga.App. 160, 305 S.E.2d 810 (1983). There, the court held that a contractual indemnity provision can be enforced against an employer who has paid workers' compensation benefits to an injured employee. Cf. *Sargent Industries, Inc. v. Delta Air Lines,* 251 Ga. 91, 303 S.E.2d 108 (1983). Accordingly, the second certified question is answered in the affirmative.

*Certified questions answered.*

All the Justices concur, except GREGORY, J., who dissents.

GREGORY, Justice, dissenting.

I respectfully dissent for the reason that I would adopt the "center of gravity" or "grouping of contacts" theory to resolve the conflicts of law issues in contract cases. Restatement (Second) of Conflict of Laws, § 188 (1971).