287 So.2d 531 (1973)
Terry Dale LeJEUNE, Plaintiff,
v.
HIGHLANDS INSURANCE COMPANY et al., Defendants.
HARTFORD ACCIDENT AND INDEMNITY COMPANY, Third Party Plaintiff-Appellant,
v.
T & P IRON WORKS, INC., Third Party Defendant-Appellee.
No. 4356.
Court of Appeal of Louisiana, Third Circuit.
November 30, 1973.
Rehearing Denied January 21, 1974.
Writ Refused March 8, 1974.
Jones, Kimball, Patin, Harper, Tete & Wetherill by Wm. M. Nolen, Lake Charles, for defendant and third party plaintiff-appellant.
Hall, Raggio & Farrar by Frederick L. Cappel, Lack Charles, Davidson, Meaux, Onebane & Donohoe by Edward C. Abell, Jr., Lafayette, for defendant-appellee.
Edwards, Stefanski & Barousse by Stephen A. Stefanski, Crowley, for plaintiffappellee.
Before FRUGE, MILLER and DOMENGEAUX, JJ.
MILLER, Judge.
Third Party Plaintiff Hartford Accident and Indemnity Company appeals the judgment sustaining Third Party Defendant T & P Iron Works, Inc.'s peremptory exception of no cause of action. We affirm.
*532 The sole issue is whether the exclusive remedy provision of the Workmen's Compensation Act (LSA-R.S. 23:1032) bars a third party tort-feasor from obtaining contribution from the claimant's concurrently negligent employer, or indemnification from a solely negligent employer where the third party plaintiff's liability is technical or vicarious.
Plaintiff Terry Dale LeJeune was injured while in the course and scope of his employment with T & P. LeJeune was unloading angle irons purchased by T & P from All States Steel Corporation of Texas. All States Steel is insured by Third Party Plaintiff Hartford Accident and Indemnity Corporation.
The angle irons were bound with steel bands. While in the process of unloading on T & P's premises, some of these bands snapped, causing a release of the load which crushed Lejeune's right leg. These angle irons had been delivered to T & P's premises on the previous day by T & P employees.
Lejeune received workmen's compensation benefits from T & P's insurer and in this suit, Lejeune seeks damages from All States Steel. All States Steel's insurer Hartford third partied T & P alleging that if Hartford were case in judgment for injuries to Lejeune, T & P should likewise be found negligent and condemned to indemnify Hartford or, in the alternative, pay contribution for its acts as a joint tort-feasor. T & P's exception of no cause of action claims that since the injuries occurred within the course and scope of Lejeune's employment, it cannot be found to have tort liability to any party as a result of the injury, due to the exclusive nature of employees' remedies under workmen's compensation.
LSA-R.S. 23:1032 provides that the employee's remedy, where he is entitled to compensation under the act, shall be compensation as provided by the act, exclusive of all other rights and remedies. T & P argues that this statute stands as authority for denial of contribution or indemnity to a third party, even though the employer may have been guilty of primary negligence proximately causing the accident. Hartford, acknowledging the exclusive nature of the remedy available to the employee, contends that this exclusive remedy defense is available only to the employer in a tort suit filed by his employee. Since this statute is designed to directly prevent suits by the employee against the employer, Hartford continues, it is not a bar to indemnification or contribution claimed by a joint tort-feasor. Hartford argues that the application of the exclusiveness defense to this situation is not only contrary to the express wording of the statute (which does not purport to limit the right of a third party tort-feasor to hold a concurrently negligent employer liable for indemnification or contribution), but is also contrary to the theory of Workmen's Compensation. Hartford points out that the theory of Workmen's Compensation is that an employee gives up his right to hold his employer in tort in return for his right to secure limited compensation benefits when there is no fault or negligence on the part of the employer. The third party tort-feasor is not a party to the tacit agreement between employer and employee. To apply the exclusiveness defense to this situation would taken away rights from the third party tort-feasor without giving him anything in return. Hartford submits that the third party tort-feasor, receiving no quid pro quo, should not be deprived of his rights against the employer. Hartford then argues that third party tort-feasors suffer grave injustice when the employer is allowed to recover from third party tort-feasors by way of intervention, all sums paid in compensation regardless of his own negligence. The result is that when an employee is injured by the concurrent negligence of his employer and a third party (even when the negligence of the employer is greater) the entire loss must be borne by the third party and the employer ultimately escapes liability, even for the compensation benefits paid by him.
*533 We will first consider Hartford's claim for contribution and then consider its claim for indemnification.
A majority of states, in considering whether a "negligent" employer may be forced to pay contribution to a negligent third party for injuring an employee, have found that such a remedy is not available. Larson's Workmen's Compensation Law, § 76.21. The reasoning behind these decisions is the exclusive remedy provisions of workmen's compensation statutes. Since the liability of the employer is essentially an absolute one and not based upon fault, the employer is not a joint tort-feasor. The employer's liability is exclusively statutory, whether negligent or not. Louisiana courts have been in accord with the majority position, basing the decision upon the exclusive remedy provision of LSA-R.S. 23:1032. Badeaux v. Patterson Truck Line, Inc., 247 So.2d 875 (La. App. 3 Cir. 1971); Gros v. Steen Production Service, Inc., 197 So.2d 356 (La.App. 4 Cir. 1967); Hebert v. Blankenship, 187 So.2d 798 (La.App. 3 Cir. 1966). But see, Moak v. Link-Belt Company, 229 So.2d 395 (La.App. 4 Cir. 1969) where partial contribution was allowed against the employer to the extent he sought reimbursement for compensation payments.
If contribution is allowed, employers would be required to pay compensation as well as contribute as much as half the amount an employee recovers in a suit against a negligent third party. This would enlarge the liability of employers for injuries to its employees and would attack the very core of the compensation principle explained by Malone, Louisiana Workmen's Compensation Law and Practice, § 32 p. 35 (1951).
In order that the compensation principle may operate properly and with fairness to all parties it is essential that the anticipated accident cost be predictable and that it be fixed at a figure that will not disrupt too violently the traffic in the product of the industry affected.
It cannot be logically denied that negligent third parties have been cast in an unenviable position and have gained nothing in return for their loss of the right of contribution. To correct this inequity at the expense of disrupting the reasoning behind the compensation principle, however, is not a proper alternative for this court. This is a situation which addresses itself to the legislative prerogative, rather than to judicial review.
We are aided in arriving at this conclusion by an examination of the recent decision in Vidrine v. Michigan Millers Mutual Insurance Co., 263 La. 300, 268 So.2d 233 (1972). This case involved an employer's intervention to recover compensation already paid against a negligent third party defendant pursuant to LSA-R.S. 23:1101 and 1103. It was first held that the employer's concurrent negligence barred his recovery in spite of the unqualified language contained in 1101 and 1103. On rehearing, it was held that these statutes did not limit the right of recovery to employers who were blameless. The court thus rejected "concepts of equity and/or socioeconomic reasons" as playing a part in determining rights and liabilities of employers within the statutory scheme of workmen's compensation. 268 So.2d at 246. The Supreme Court held, as we do here, that inequities of this sort best address themselves to the legislature for comprehensive examination and implementation.
Hartford does not specify the particulars of the theory of indemnity which it claims entitles it to 100% indemnification from T & P should Hartford be found liable. Since Hartford's third party petition does not allege an express or implied contractual right to indemnification but rather emphasizes the "vicarious" and "technical" aspects of its negligence and the "primary" and "active" negligence of T & P, it presumably claims its right to indemnification under a tort-indemnity theory.
The notion of tort-indemnity has its origins in our Louisiana jurisprudence in Appalachian *534 Corporation v. Brooklyn Cooperage Co., 151 La. 41, 91 So. 539 (1922). That case announced the rule that the right to be indemnified by a tort-feasor found primarily responsible, differs from an action for contribution among joint tort-feasors which action was not allowed at that time. The "technical" liability of the plaintiff seeking indemnity in Appalachian was that of a lessor who had purchased the leased property only two days prior to the injury to a night watchman by a defectively maintained door. Plaintiff had not yet been delivered possession at the time of the accident by his vendor, from whom he then sought indemnity. The court allowed indemnity, finding that "the damage which the plaintiff has had to pay was due primarily and proximately to the negligence of the employees of the defendant. . . and that plaintiff was only technically and constructively at fault. . . ." 91 So. at 543.
The Appalachian case does not stand for the proposition that in every case where one person may be guilty of a greater degree of fault, he may be compelled to indemnify a party guilty to a lesser degree. "As the doctrine exists in Louisiana, the right to indemnity from the person primarily negligent exists only in favor of one who is vicariously liable for the damages caused because of merely technical or constructive fault." Hebert v. Blankenship, 187 So.2d 798, 803 (La.App. 3 Cir. 1966).
Hartford does not specify in its petition how its insured was only vicariously or technically liable, other than list the alleged negligent acts and omissions of T & P. These allegations consist of:
a) Lifting or handling the bundle of steel angle irons in an improper manner,
b) Failure to advise plaintiff and other employees of proper methods of handling such loads,
c) Having unsafe working conditions on the premises,
d) Failure to warn plaintiff and other employees of dangers,
e) Failing to take proper steps to prevent an accident.
The alleged basis of All States' negligence consists of insufficiently or improperly binding the bundle of angle irons which injured Lejeune. We fail to see how this sort of act or omission can be classified as technical or vicarious while the alleged negligent acts and omissions of T & P can be considered primary and active. Both allegations involve breaches of duties owed by both All States and T & P to Lejeune.
We find that Hartford's petition does not state a cause of action for indemnity. Even if one had been stated, Hartford does not specify why indemnity should be allowed against a workmen's compensation employer. The same policy considerations which caused us to reject an action by a negligent third party for contribution against a workmen's compensation employer also apply in the case of indemnity.
The trial court's judgment is affirmed. All costs of this appeal are assessed to appellant Hartford Accident and Indemnity Company.
Affirmed.