464 So.2d 878 (1985)
Norman CAMBRE
v.
TASSIN AMPHIBIOUS EQUIPMENT CORPORATION and Loxco, Inc., A Division of Grant Geophysical Corporation.
No. CA 2316.
Court of Appeal of Louisiana, Fourth Circuit.
February 12, 1985.
Writ Denied April 12, 1985.
*879 Michael D. Meyer, New Orleans, for plaintiff-appellant.
W.K. Christovich, E. Phelps Gay, Christovich & Kearney, New Orleans, for defendant-appellee (Loxco).
Normand F. Pizza, Reuter, Reuter, Reuter & Pizza, New Orleans, for defendant-intervenor-appellant (Tassin).
Before SCHOTT, GARRISON and WILLIAMS, JJ.
SCHOTT, Judge.
This case arose out of an accident which occurred while plaintiff was attempting to connect a pontoon-mounted drilling rig to a marsh buggy he was operating for his employer, Tassin Amphibious Equipment Corporation. The drilling rig was owned by Loxco, Inc. which had contracted with Tassin to move its rigs around in connection with Loxco's seismological drilling operations. Plaintiff filed suit against Tassin and Loxco alleging three separate alternative causes of action: as a seaman under the general maritime law and The Jones Act, 46 U.S.C.A. 688; as a properly qualified claimant under the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C.A. 901 et seq.; and as a properly qualified claimant under The Louisiana Worker's Compensation Law, LSA-R.S. 23:1021 et seq.
Prior to trial plaintiff settled his claim against Tassin for $45,000 with full reservation of his rights against Loxco and with the stipulation that he would give back to Tassin fifty per cent of any amount he would collect from Loxco up to $45,000. As the trial of the case began he dismissed his case against Tassin in accordance with the settlement agreement. In the meantime, Loxco filed a third party demand against Tassin seeking indemnification and the case proceeded to trial by jury in this posture. At the trial's conclusion the judge submitted the case to the jury on interrogatories which found Loxco, Tassin, and plaintiff all guilty of sub-standard conduct, apportioned fault in percentages of 10 for Loxco, 50 for Tassin, and 40 for plaintiff, and found plaintiff's total damages to be $120,000. From this judgment plaintiff has appealed seeking to collect not only $12,000 from Loxco but an additional $60,000 representing the fifty per cent apportioned by the jury to Tassin. The issue is whether the third-party tort-feasor is liable to plaintiff for the amount of damages attributable to the fault of plaintiff's employer.
On the day of the accident plaintiff was instructed by a Loxco driller to move a Loxco drilling rig from one location to another. At the time this rig was apparently floating on its pontoon base but was anchored by spuds which were lowered to the bottom of the water. Plaintiff drove his amphibious marsh buggy across the marsh and into the water where the rig was located. He connected a cable and chain from his buggy to a pipe joining the rig's pontoons, raised the spuds, and began to tow the rig until it reached a point of deep water, became partially submerged, and became detached from the chain from the buggy. Plaintiff retrieved the rig and in the process of reconnecting it to the chain a gust of wind caused the rig to move away from the buggy and plaintiff was thrown down on the platform causing his injury. Much of the evidence concerned whether Loxco had any duty to provide assistance to plaintiff as he performed his task, and there is a great deal of merit to Loxco's position that the jury erred in assigning even ten per cent of the fault to it. However, there is some evidence to support this conclusion so that we are not convinced that the jury was clearly wrong.
In this court plaintiff contends that the trial court erred as a matter of law in *880 submitting Tassin's negligence to the jury and "in reducing the judgment against defendant, Loxco" by Tassin's 50% negligence without requiring Loxco to prove that plaintiff was a Jones Act seaman; and in failing to dismiss Loxco's third party demand against Tassin. Plaintiff argues that Loxco was bound by its own pleadings which alleged that plaintiff was not a seaman and that Loxco could not "seek contribution" from plaintiff's employer, Tassin, without proving that Tassin was a "tortfeasor," i.e., Jones Act defendant, and not an employer subject exclusively to Longshoremen's and Harbor Workers' or Louisiana Worker's Compensation liability.
If plaintiff's claim was under the Longshoremen's and Harbor Workers' Act his position is supported by Edmonds v. Compagnie Generale Transatlantique, 443 U.S. 256, 99 S.Ct. 2753, 61 L.Ed.2d 521 (1979) where the court resolved conflicts among the United States Courts of Appeals on the question and concluded that where an injury to a longshoreman was caused by the combined negligence of the plaintiff, his employer, and a third party, the latter was liable for the employer's portion as well as his own. In doing so the court brushed aside the obvious inequities of allowing the employer who was 70% negligent to go scot-free and requiring the third party to pay far in excess of the 20% for which he was negligent.
If plaintiff's claim was under Louisiana Worker's Compensation Law the question is not so easily resolved as plaintiff contends. Plaintiff relies on Lejeune v. Highlands Insurance Company, 287 So.2d 531 (La.App. 3rd Cir.1974); writ denied, 290 So.2d 903 (1974) which held that the exclusive remedy provisions of our compensation law barred contribution and indemnification for a third-party tort-feasor from a concurrently negligent employer; but this case was decided prior to the adoption of Act 431 of 1979 establishing comparative negligence in Louisiana. Under the old law a tort-feasor, regardless of the degree of his negligence, owed the full amount of plaintiff's damages. Lejeune simply held that the third party's liability was not subject to reduction by means of contribution from the employer. However, at present each debtor is liable only for his virile portion. C.C. Art. 2103. In the instant case the trial judge followed C.C.P. Art. 1812 C(2) which authorizes the submission of written interrogatories to the jury to determine "whether another person, whether party or not ... was at fault" and, if so, to determine the degree of fault. This procedure is obviously not intended to reduce a party's liability or to extend a credit to one tort feasor for someone else's fault. Rather, it enables the court to determine affirmatively how much fault is attributable to each party. To disregard the jury's determination that Loxco was only 10% at fault and require it to pay Tassin's 50% seems not only manifestly unfair but also frustrating to the plain wording and the intent of our comparative negligence laws. In any event, because we ultimately conclude that Tassin's liability was not in worker's compensation when the case was decided against Loxco, we need not decide the issue in this case.
The facts of the case lend some support for the conclusion that plaintiff was a Jones Act seamen. In Percle v. Western Geophysical Company of America, 528 F.Supp. 227 (E.D.La.1981) the court concluded that a marsh buggy operator was not a seaman aboard a vessel in navigation but reached this conclusion under the facts of that case emphasizing that the water where the accident occurred was only twelve inches deep over the marsh. The court observed, "This is not to say that the marsh buggy could not be regarded as a vessel if, at the time of the accident, it had actually been traveling in a navigable stream and thus have been engaged in navigation." Although the present record does not reflect the depth of the water it seems reasonable to infer from plaintiff's testimony that it was quite deep. At one point in the testimony reference is made to the body of water to be traversed by the buggy and rig as a "bay" which suggests navigability.
*881 More importantly, however, the posture of the case as created by plaintiff himself compels the conclusion that Loxco was defending against the remnant of his Jones Act case which had been partially settled with Tassin. If plaintiff was settling a Longshoremen's claim against his employer the matter would have required approval by the deputy commissioner. 33 U.S.C.A. 914(j), 33 U.S.C.A. 908(i)(A), 33 U.S.C.A. 915. If it was a settlement of a Louisiana Workers' Compensation claim judicial approval of the settlement was required. R.S. 23:1272 (as it read in February, 1983 when the settlement was made); Jasmin v. Gaffney, Inc., 357 So.2d 539 (La.1978). This was a settlement negotiated by attorneys for both parties. The attorneys had to know that they could not be confecting valid settlements of federal and state compensation claims, and, yet, the settlement makes it clear that the intent of the parties was to settle all claims by the plaintiff against his employer. Unless they overlooked the employer's remaining liability for compensation, which, if it existed, could not be settled in this fashion they had to be in the position of acknowledging that Tassin's only liability was under the Jones Act and that is what was being settled.
Thus, when the case went to trial against Loxco its posture was identical to Leger v. Drilling Well Control, Inc., 69 F.R.D. 358 (W.D.La.1976), affirmed 592 F.2d 1246 (5th Cir.1979). Especially pertinent is the discussion by the Fifth Circuit in footnote 7, at page 1249. We reach the same conclusion, namely, that the employer settled its Jones Act liability with plaintiff and the third party will not be required to pay the employer's share.
We are convinced that this result is fair and equitable to all parties. Under the settlement agreement negotiated between plaintiff and Tassin, the latter is entitled to 50% of any recovery made by plaintiff against Loxco. Plaintiff would have us amend the judgment to require Loxco to pay its 10% or $12,000 plus Tassin's 50% or $60,000 to plaintiff who, in turn, would pay $36,000 to Tassin. As a result, Tassin would be out only $9,000 compared to Loxco's $72,000. A plaintiff who was 40% negligent would recover 67.5% of his damages and a defendant who was only 10% at fault would pay 60% of the damages. In the meantime, the employer, which devised the plan with its employee would pay only 7½% of the damages and would contribute only 11% of the employee's recovery even though it was 50% at fault in the first instance. We cannot sanction such an unfair result.
Accordingly the judgment appealed from is affirmed.
AFFIRMED.