467 So.2d 1266 (1985)
Lattie Bill CAUSEY
v.
K & B EQUIPMENT COMPANY, INC.
No. CA 2847.
Court of Appeal of Louisiana, Fourth Circuit.
April 9, 1985.
*1267 Harvey L. Strayhan, Donna R. Moliere, Session, Fishman, Rosenson, Boisfontaine, Nathan & Winn, New Orleans, for third-party plaintiff-appellant.
Andre J. Mouledoux, John F. Young, Jr., Hebert, Mouledoux & Bland, New Orleans, for third-party defendants-appellees.
Before REDMANN, C.J., and SCHOTT and GARRISON, JJ.
SCHOTT, Judge.
This suit was instituted by plaintiff, Lattie Bill Causey, against K & B Equipment Co., Inc. (K & B) for damages he sustained while engaged in his employment by T. Smith & Son, Inc. (T. Smith) as a stevedore. K & B filed a third party demand against T. Smith for indemnity and contribution based upon an alleged contract between these parties and alleged tort liability on the part of T. Smith. The trial court granted T. Smith's motion for summary judgment dismissing K & B's third party demand, and K & B has appealed contending there are genuine issues of material fact which preclude the granting of summary judgment. However, the real issue is whether or not T. Smith is entitled to judgment as a matter of law accepting K & B's version of the facts.
At the time of the accident plaintiff was loading containers on a ship with a gang of T. Smith longshoremen. They were working with a crane owned by K & B and rented to T. Smith. The crane operator was employed by K & B. Plaintiff was injured when a "spreader bar" used to load the containers came off the crane's hook and fell on the container where plaintiff was working. Plaintiff has received benefits from T. Smith pursuant to the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C.A. § 901 et seq. (LHWA).
On a daily basis T. Smith was furnished by K & B with time records of the crane's and operator's use. Imprinted on these slips was the following:
"Liability for injury, disability and death of workmen and other persons caused by the operation or handling of the equipment during the rental period shall be assumed by the Lessee, and he shall indemnify the Lessor against all such liability. Lessee also agrees to indemnify and hold Lessor and Lessor's Insurance Carrier harmless against any loss, damage claims or liability however caused arising directly or indirectly out of the performance of work while using Lessor's equipment, except any injury or damage caused by the negligence of Lessor's employees while operating said leased equipment."
Additionally T. Smith had been furnished by K & B over a long period of time with rate schedules which contained the same provisions as quoted above.
In the trial court and in this court much of the parties' attention was devoted to the question of whether a valid contract was confected between them on the basis of the time slips and rate schedules with T. Smith arguing no meeting of the minds, no consent, and no authorized agent on its part, as missing elements of proof. On the other hand, K & B relies on such principles as acceptance by T. Smith by its actions or implied contract by a pattern of conduct between the parties over many years. For our purposes we adopt K & B's position and assume that a valid contract was confected between the parties binding them to the quoted indemnity provisions.
T. Smith's liability to plaintiff, its employee, was predicated on Section 4 of LHWA. Section 905(a) provides:
"The liability of an employer prescribed in section 904 of this title shall be exclusive and in place of all other liability of such employer to the employee ... and anyone otherwise entitled to recover damages from such employer at law or in admiralty on account of such injury or death...."
The employer is insulated from non-LHWA liability not only directly to the employee but also to anyone claiming under or through such employee, Olsen v. Shell Oil Co., 595 F.2d 1099 (5th Cir.1979), even a *1268 ship owner, see Edmonds v. Compagnie Generale Transatlantique, 443 U.S. 256, 99 S.Ct. 2753, 61 L.Ed.2d 521 (1979). However, where there is a contract of indemnity between the employer and the third party, section 905 does not shield the employer from liability because the third party's action is based on the contract and not "on account of the injury or death" as quoted from section 905. Olsen v. Shell Oil Co., supra.
Thus, not only do we accept K & B's facts but we also recognize the validity of its underlying legal position that it can enforce a contract of indemnity against the employer who is liable to its employee under the LHWA for tort liability to that employee. Nevertheless, we have concluded that the motion for summary judgment was correctly granted in this case.
Plaintiff's claim against K & B is based upon allegations of negligence. He must prove its negligence in order to recover. The indemnity contract excludes injury or damages caused by the negligence of K & B's employees. Thus if plaintiff obtains a judgment against K & B, its third party demand against T. Smith falls. If plaintiff fails to prove negligence on K & B's part, the indemnity agreement is moot.
In brief to this court K & B also argues that it may enforce contribution against T. Smith outside of the contract based upon T. Smith's tort liability despite the provision of section 5 of LHWA. This theory is contrary to the holding in Olsen v. Shell Oil Co., supra; and the cases cited by K & B, Holden v. Placid Oil Co., 473 F.Supp. 1097 (E.D.La.1979) and Lockheed Aircraft Corp. v. United States, 460 U.S. 190, 103 S.Ct. 1033, 74 L.Ed.2d 911 (1983), are inapposite. The former involved a manufacturer of a defective valve whose employee was killed when the valve exploded. In recognizing the third party's claim for indemnity against the manufactureremployer, the court found that the claim was based on a duty owed by the indemnitor directly to the indemnitee, the third party claim was not "on account of" the employees's injury, and section 905 was not applicable. While it is more difficult to reconcile the Lockheed Aircraft case in principle, the case did not involve LWHA and on that basis is distinguishable.
The judgment appealed from is affirmed.
AFFIRMED.