**Ray Gilmer JOHNSTON, Sr.**

v.

**ATLANTIC RICHFIELD COMPANY, ARCO Oil and Gas Corporation, McDermott, Inc., Hartmann & Braun AG.**

Civ. A. No. 84–3808.

United States District Court, E.D. Louisiana.

Oct. 4, 1985.

Harvey J. Lewis of Kierr, Gainsburgh, Benjamin, Fallon & Lewis, New Orleans, La., for plaintiff.

John E. Galloway of McGlinchey, Stafford, Mintz, Cellini & Lang, New Orleans, La., for McDermott.

Donald Abaunza of Liskow & Lewis, Curtis Boisfontaine and Sally Shushan of Sessions, Fishman, Rosenson, Boisfontaine & Nathan, New Orleans, La., for defendants.

---

## ORDER AND REASONS

FELDMAN, District Judge.

In this Section 905(b) suit, plaintiff claims to have been injured on December 20, 1983 while employed by Atlantic Richfield and while working on a stationary platform in the Outer Continental Shelf. Atlantic Richfield owned and operated the platform, which McDermott designed and constructed. McDermott cross-claimed against Atlantic Richfield. Subsequently, Atlantic Richfield was granted a summary judgment as to all claims asserted by the plaintiff; that motion was unopposed. Now, Atlantic Richfield moves for a summary judgment against McDermott and asks that McDermott's cross-claim be dismissed on the ground that Section 905(a) of the Longshoremen and Harbor Workers' Compensation Act prohibits McDermott's cross-claim against plaintiff's employer, Atlantic Richfield.

The Court has considered the motion and memorandum in support thereof and in opposition thereto, all exhibits, and the pertinent law. Accordingly, the Court is now prepared to rule. For the reasons hereinafter stated, Atlantic Richfield's Motion for Summary Judgment is GRANTED.

No genuine issue of material fact is in dispute, and it is clear as a matter of law that Section 905(a) of the LHWCA provides the sole and exclusive remedy against plaintiff's employer. Therefore, McDermott's cross-claim is barred.

Plaintiff was injured on December 20, 1983 while working on a stationary platform designated as "South Pass 60 F" off the coast of Louisiana; he was injured in the course and scope of his employment with ARCO Oil and Gas Company, a division of Atlantic Richfield. The employer was engaged in the development, removal, and transportation by pipeline of natural resources on the Outer Continental Shelf. At the time of the accident, plaintiff was working on the platform. The parties do not dispute that Atlantic Richfield is plaintiff's employer. After his injuries, plaintiff began receiving compensation pursuant to Section 904 of the Act. McDermott's cross-claim against Atlantic Richfield is not based on any contract between McDermott and ARCO or Atlantic Richfield but, rather, is based on tort concepts of indemnity and contribution.

The sole question presented by this Motion for Summary Judgment is whether or not the exclusive remedy provisions of Section 905(a) bar McDermott's cross-claim for indemnity and contribution from plaintiff's employer. Section 905(a), regarding exclusive remedy, provides:

"The liability of an employer prescribed in Section 904 of this title shall be exclusive and in place of all other liability of such employer to the employee ..., and anyone otherwise entitled to recover damages at law or in admiralty on account of such injury...."

The Fifth Circuit has long held that Section 905(a) bars direct suits in tort by an injured employee against his employer as well as third party suits for non-contractual indemnity or contribution from the employer. See *Ocean Drilling and Exploration Company v. Berry Brothers Oilfield Service, Inc.*, 377 F.2d 511, 514 (5 Cir.1967), *cert. den.* 389 U.S. 849, 88 S.Ct. 102, 19 L.Ed.2d 118 (1967). Section 905(a), according to *Berry Brothers*, effectively abro-

gates any independent tort liability of the employer.

McDermott places a weighty reliance on the recent Supreme Court decision in *Lockheed Aircraft Corp. v. United States*, 460 U.S. 190, 103 S.Ct. 1033, 74 L.Ed.2d 911 (1983). But that decision does not apply here. In *Lockheed*, the Supreme Court considered the effect of a similarly worded exclusivity provision in the Federal Employees Compensation Act, 5 U.S.C. § 8116(c). The Court ruled that the exclusivity provision did not bar an indemnity action asserted against the United States under the Federal Tort Claims Act. *Lockheed*, however, was expressly limited by the Supreme Court to the facts of the case. The Court noted, "We ... hold only that FECA's exclusive liability provision, 5 U.S.C. § 8116(c), does not directly bar a third-party indemnity action against the United States." 103 S.Ct. at 1038. The exclusivity of § 905(a) of LHWCA and its legislative history were not at issue in *Lockheed*. Further, the statutory scheme and the public policies at issue in *Lockheed* were vastly different. In fact, the Supreme Court explicitly recognized that the statutory scheme of the LHWCA, particularly the 1972 Amendments, makes the Longshoremen and Harbor Workers' Compensation Act clearly different from the policies and purposes at issue under the Federal Employees Compensation Act in *Lockheed*. The Court noted quite pointedly:

"The most relevant changes since *Weyerhaeuser [S.S. Co. v. United States*, 372 U.S. 597, 83 S.Ct. 926, 10 L.Ed.2d 1 (1963)] have been in the LHWCA Amendments of 1972, 88 Stat. 1251. While these changes are illuminating, they do not help the Government's position. Under the amended LHWCA, an injured longshoreman's employer is no longer liable to a shipowner for tort damages that the shipowner has paid the employee. See 33 U.S.C. § 905(b). Congress thus overruled the result in *Ryan [Stevedoring Co. v. Pan-Atlantic Steamship Corp.*, 350 U.S. 124, 76 S.Ct. 232, 100 L.Ed. 133 (1956)], *supra*, and abolished the shipowner's indemnity action. But in so doing, Congress *also* abolished the injured employee's seaworthiness remedy against the shipowner—a strict-liability action that the Court had recognized in *Seas Shipping Co. v. Sieracki*, 328 U.S. 85, 66 S.Ct. 872, 90 L.Ed. 1099 (1946). In other words, Congress abolished the third-party indemnity action only in conjunction with a "quid pro quo" to benefit the third parties. Here there has been no FECA amendment to abolish the third-party indemnity action recognized in *Weyerhaeuser*. The Government nevertheless invites us to abolish the action without the benefit of an amendment. We are requested to do this even though Congress has provided no "quid pro quo" as it thought appropriate in the LHWCA context. We decline the invitation." 103 S.Ct. at page 1038

Thus, it is clear from the *Lockheed* opinion itself that the Supreme Court did not intend for its decision to reach the exclusivity provisions of Section 905(a). Finally, it is important to note that the underlying substantive law in *Lockheed* (FECA) clearly created a right of tort indemnity; on the other hand, Louisiana law applies here as surrogate to federal law by virtue of the provisions of OCSLA and it is beyond dispute that under Louisiana law no third party contribution or indemnity actions are permitted in the Louisiana Workmen's Compensation scheme. *LeJeune v. Highlands Insurance Company*, 287 So.2d 531 (La.App.1973), *writ den.*, 290 So.2d 903 (La. 1974). See *General Electric Co. v. Cuban American Nickel Co.*, 396 F.2d 89 (5 Cir. 1968).

Few cases have spoken about the effect of *Lockheed*, and one finds little unanimity. A recent decision of the U.S. First Circuit Court of Appeals is consistent with this Court's views. In *Drake v. Raymark Industries, Inc.*, 772 F.2d 1007 (1985), the First Circuit expressly rejected the claim made by third-party claimants that their tort indemnity claim was permitted under LHWCA as a result of *Lockheed*. The Court held that *Lockheed* was confined to

the exclusive remedy provisions of the Federal Employees Compensation Act and "does not overrule three decades of consistent Supreme Court jurisprudence regarding the interpretation of § 905(a)." The Court affirmed the dismissal of the third-party complaint and held that non-contractual indemnity and contribution claims are barred by the exclusive remedy provisions of section 905(a). The Louisiana Fourth Circuit Court of Appeal agrees. See *Causey v. K & B Equipment Co., Inc.,* 467 So.2d 1266 (La.App.1985). *Lockheed,* said the state court, "did not involve LHWA and on that basis is distinguishable." Id. at 1268. The legislative history of the 1984 Amendments to LHWCA supports this result as well. In discussing this very problem, Senator Donald Lee Nickles, the chair of the Senate Labor Subcommittee and one of the managers of the 1984 Amendments, explained the Conference Committee's concerns about *Lockheed* as follows:

"The conferees were also concerned over the effect of the Supreme Court's decision in *Lockheed Aircraft Corp. v. United States et al.* [460] U.S. [190, 103 S.Ct. 1033, 74 L.Ed.2d 911], which decided that the Federal Employees' Compensation Act did not bar third-party claims for indemnification. Because section 5(a) of the Longshore Act contains nearly identical language to FECA, we considered an amendment to section 5(a). However, the plain meaning of the existing language indicates that there should be no third-party liability. In addition, the clear Congressional intent of the 1972 Amendments to the act was to eliminate the problem of "circular suits" whereby employers paid workers compensation and then through suits by third-parties became liable for additional amounts."

130 Cong.Rec. 11621 (daily ed. Sept. 20, 1984). *Quoted in Drake.*

This result is inconsistent with a District of Hawaii decision in 1984. Judge Tashima, held in *In Re All Asbestos Cases,* 603 F.Supp. 599 (1984), that *Lockheed* applied in a LHWCA asbestos claim. But the Hawaii case is also distinguishable from this case. In the Hawaii decision the United States was a third-party defendant. The United States was brought into the case under the Federal Tort Claims Act. Like *Lockheed,* the underlying substantive law, the Federal Tort Claims Act, did not preclude a tort claim for contribution and indemnity. Here, however, underlying substantive law (Louisiana law) does preclude such a claim. To the extent that this holding is inconsistent with the Hawaii case, this Court does not agree with the result reached in the Hawaii case and believes that *Lockheed,* for the reasons already indicated, does not apply to LHWCA cases and the Supreme Court did not intend for *Lockheed* to have that reach. Accordingly, for the foregoing reasons,

IT IS ORDERED:

The Motion of Atlantic Richfield for Summary Judgment is GRANTED and McDermott's cross-claim is hereby DISMISSED.