ARMSTRONG, Judge.
Defendant, Electro-Coal Transfer Corp (“Electro-Coal”) appeals from the district court’s granting of a co-defendant Boh Bros.’ Construction Co., Inc. (“Boh Bros.”) motion for summary judgment.
In June of 1982 Thomas A. Edmonds was injured while in the employ of Boh Bros. Edmonds was participating in the construction of a dock at the Electro-Coal Transfer Corp. facility in Davant, Louisiana. Elec-tro-Coal had contracted with Erwin Industries (“Erwin”) to build the dock and Erwin subcontracted the dock construction work to Boh Bros.
On January 13, 1983, Edmonds filed suit against Boh Bros, and Electro-Coal. In that petition Edmonds alleged that “the accident occurred when a tug owned and/or operated by defendant Electro-Coal caused an excessive wake, which caused plaintiff to fall from a percarious (sic) position on a barge, to which he had been assigned by his employer, defendant Boh Bros.”
Electro-Coal subsequently filed an answer to that petition as well as third party demands against Erwin Industries and Boh Bros. In its third party demand Electro-Coal alleged that it was entitled to indemnification from Boh Bros, for any judgment rendered against Electro-Coal. In the alternative, Electro-Coal claimed that Boh *1139 Bros, was liable to it under the theory of active/passive tort and that it was entitled to contribution from Boh Bros.
On July 21, 1983 the trial court granted plaintiffs motion to dismiss and dismissed plaintiffs claims against Boh Bros, because plaintiff had reached a settlement with Boh Bros.
Thereafter, on July 15, 1985, Boh Bros, filed a Motion for Summary Judgment. That motion was granted on October 15, 1985 and Electro-Coal’s third party demand against Boh Bros, was dismissed. Electro-Coal appeals from that judgment.
On appeal Electro-Coal claims that the trial court erred in granting Boh Bros.’ motion for summary judgment because a genuine issue of material fact exists regarding the status of plaintiff, Edmonds, i.e., whether he is a seaman, a longshoreman or harbor worker, or an employee covered by the state workers compensation laws. Appellant contends that plaintiff’s status is determinative of whether it is entitled to indemnification or contribution from Boh Bros, in this case. In addition, Electro-Coal argues that it is entitled to indemnification from Boh Bros, based on the contractual agreement between the two companies and that the trial court erred as a matter of law in concluding that Boh Bros, had not agreed contractually to indemnify Electro-Coal in this situation.
With regard to Electro-Coal’s claim that it is entitled to contractual indemnity from Boh Bros., the letter of agreement between Boh Bros, and Electro-Coal contains the following language:
The liability of Boh Bros. Construction Co., Inc., to hold the owner or Irwin (sic) Industries harmless from claims arising out of construction activities shall be confined to claims resulting from the negligence of Boh Bros. Construction Co., Inc., its employees, agents or subcontractors.
Electro-Coal argues that by this agreement Boh Bros, assented to indemnify Elec-tro-Coal for any claims arising out of Boh Bros.’ negligence. We must disagree.
But we do agree, as apparently did the trial court, with Boh Bros.’ contention that Electro-Coal is not being sued for negligence on Boh Bros, part but is in fact being sued for its own negligence in the operation of its tug which created the wave that caused Edmonds to fall. In this case where Electro-Coal is being sued for its own negligence the indemnity clause would not operate to require Boh Bros, to indemnify Electro-Coal. Boh Bros, was clearly entitled to summary judgment on Electro-Coal’s claim of contractual indemnity.
Electro-Coal also claims that the trial court erred in granting summary judgment because as a matter of law, under the theory of active-passive tort Electro-Coal is entitled to indemnity from Boh Bros. Elec-tro-Coal asserts that both State Workers’ Compensation Act and Jones Act employers can be forced to indemnify third parties for injuries to their employees.
We must disagree. In the case of Loose v. Offshore Navigation Inc., 670 F.2d 493 (5th Cir.1982) the court stated that, “[i]t is difficult to see the need for the active-passive indemnification rule in a comparative fault system ...” Id. at 501-502. “[T]he concepts of active and passive negligence have no place in a liability system that considers the facts of each case and assesses and apportions damages among joint tortfeasors according to the degree of responsibility of each party.” Id. at 502. Thus, we agree with Boh Bros.’ contention that appellant is not entitled to indemnity under the active-passive theory and that appellant’s remedy is in fact to urge at trial that it is liable only for the relative degree of its own negligence. We also note that we would re: ih the same result under Louisiana Workers Compensation law. Under the current law each party is liable for his virile portion of the debt. See, Cambre v. Tassin Amphibious Equipment Corp., 464 So.2d 878 (La.App. 4th Cir.), writ denied 466 So.2d 1302 (La.1985).
Although Electro-Coal contends that Edmonds is not a longshoreman or a har- *1140 borworker, it argues in the alternative, that even if the court considered Edmonds to be a longshoreman or a harborworker it would be entitled to indemnity from Boh Bros. under section 905(a) of the “Longshore and Harbor Workers’ Compensation Act.”[1] In making that contention Electro-Coal relies on Lockheed Aircraft Corp. v. United States, 460 U.S. 190, 103 S.Ct. 1033, 74 L.Ed.2d 911 (1983) and asserts that a third party such as Electro-Coal can pursue tort and/or contractual indemnity from an employer such as Boh Bros.
In Lockheed, Lockheed sought indemnity from the United States government for Lockheed’s liability to a government employee. The Government claimed that the Federal Employees Compensation Act (“FECA”) exclusive liability provision barred the indemnity claim. The United States Supreme Court held that FECA did not preclude Lockheed from seeking indemnity from the Government for Lockheed’s tort liability to the employee.
However, in the case of Johnston v. Atlantic Richfield Company, 620 F.Supp. 974 (E.D.La.1985) the court stated,
... The exclusivity of § 905(a) of LHWCA and its legislative history were not at issue in Lockheed. Further, the statutory scheme and the public policies at issue in Lockheed were vastly different. In fact, the Supreme Court explicitly recognized that the statutory scheme of the LHWCA, particularly the 1972 Amendments, makes the Longshoremen and Harbor Workers’ Compensation Act clearly different from the policies and purposes at issue under the Federal Employees Compensation Act in Lockheed
[[Image here]]
[I]t is clear from the Lockheed opinion itself that the Supreme Court did not intend for its decision to reach the exclusivity provisions of Section 905(a).
Id., at 976.
This court agreed with that conclusion in Causey v. K & B Equipment Company, Inc., 467 So.2d 1266, 1268 (La.App. 4th Cir.1985) where we stated that Lockheed, “did not involve LWHA and on that basis is distinguishable.” Id., at 1268. Thus we conclude that even if Edmonds was a longshoreman or a harborworker Electro-Coal would not be entitled to indemnification from Boh Bros.
In sum, it is this court’s conclusion that regardless of Edmond’s status — seaman, longshoreman or harborworker, or State Workers’ Compensation covered employee, as a matter of law Electro-Coal is not entitled to indemnity from Boh Bros.
For the foregoing reasons the judgment of the trial court is affirmed.
AFFIRMED.

. § 905. Exclusiveness of liability
(a) Employer liability; failure of employer to secure payment of compensation
The liability of an employer prescribed in section 904 of this title shall be exclusive and in place of all other liability of such employer to the employee, his legal representative, husband or wife, parents, dependents, next of kin, and anyone otherwise entitled to recover damages from such employer at law or in admiralty on account of such injury or death, except that if an employer fails to secure payment of compensation as required by this chapter, an injured employee, or his legal representative in case death results from the injury, may elect to claim compensation under the chapter, or to maintain an action at 'aw or in admiralty for damages on account of such injury or death. In such action the defendant may not plead as a defense that the injury was caused by the negligence of a fellow servant, or that the employee assumed the risk of his employment, or that the injury was due to the contributory negligence of the employee. For purposes of this subsection, a contractor shall be deemed the employer of a subcontractor’s employees only if the subcontractor fails to secure the payment of compensation as required by section 904 of this title.