DECUIR, Judge.
This appeal arises out of a personal injury suit brought by Stephen LeJeune and Patrick Landry against several defendants. The sole issue on appeal is whether the trial judge properly sustained exceptions of no cause of action and subsequently dismissed incidental demands brought by some of the defendants.

*624
FACTS

LeJeune and Landry were employees of Acadian Ambulance Service and were engaged in their employment when their ambulance collided with a Missouri Pacific train controlled by engineer Jack Buckner. Le-Jeune and Landry sustained personal injuries, and each filed suit against Missouri Pacific, Buckner, and the State of Louisiana. Their cases were consolidated for all purposes in the trial court. LeJeune and Landry have ' received workers’ compensation benefits. Commercial Union Insurance Company, the worker’s compensation insurer for Acadian, intervened in the litigation seeking reimbursement for benefits and medical expenses paid.
Missouri Pacific and Buckner filed a third party demand against Acadian as the employer of LeJeune and Landry, seeking indemnity or contribution limited to workers’ compensation benefits and medical expense paid or to be paid by Commercial Union. The State of Louisiana then filed an identical third party demand.
Acadian met these demands with peremptory exceptions of no right of action and no cause of action, along with an alternative motion for summary judgment.
The trial judge sustained the peremptory exception of no cause of action. He did not reach the exception of no right of action or the motion for summary judgment. The defendants were given ten days to amend their pleadings to state a cause of action. When no amendment was filed, the trial judge issued an amended judgment, dated May 14, 1993, dismissing the incidental demands.
The defendants then perfected an appeal to this court. This court issued a rule to show cause why the appeal should not be dismissed as being from a non-appealable interlocutory order and thus premature. After response by the defendants, this court held that the May 14, 1993 judgment was a final judgment and withdrew its rule to show cause why the appeal should not be dismissed.

DISCUSSION

At the outset, we note that defendant’s first assignment of error challenging the trial court’s ruling that the fault of an employer should not be placed before the jury is now moot. In Gauthier v. O’Brien, 618 So.2d 825 (La. 1993), the Louisiana Supreme Court held that employer fault must be submitted to the jury. Therefore, this issue is only relevant insofar as it affected the trial court’s ruling on the peremptory exception of no cause of action.
Appellants contend that their incidental demands state a cause of action. The sole basis of this contention is the holding in Moak v. Link-Belt Company, 229 So.2d 395 (La.App. 4th Cir.1969), writ granted but dismissed after compromise, 257 La. 281, 242 So.2d 515 (1970). Appellants strenuously assert that they are not seeking ordinary tort contribution, but rather indemnity or contribution up to the amount of worker’s compensation benefits paid or payable to LeJeune and Landry. This, they claim, is what the Fourth Circuit authorized in Moak.
In Moak, a serious explosion occurred during the construction of a new conveyor system by Link-Belt at the American Sugar Company refinery. Employees of both Link-Belt and American were injured. Link-Belt employees sued American in tort; American employees sued Link-Belt in tort. The defendants sought contribution and indemnity against each other with respect to these demands. Both defendants were found to be at fault. The case arose prior to comparative negligence, and prior to the 1985 amendment to La.R.S. 23:1101(A) that requires reduction of the reimbursement of the payor of worker’s compensation by the percentage of fault assigned in subsequent tort litigation to the compensated employee.
Recognizing prior jurisprudence, the Fourth Circuit refused to grant full tort indemnity or contribution. However, the court noted that it could find no discussion regarding whether partial contribution or quasi-contribution, limited to the employers compensation liability, would be available in some instances. Having no law to guide it, the court discussed several hypothetical scenarios which seemingly lead to unjust results.' *625 In one such hypothetical the employer who is at fault ends up paying nothing due to his reimbursement for compensation paid. Thus, the third party carries the employer’s burden.
Based on these hypotheticals, as well as stipulations between the defendants in Moak, the court recognized a limited right of contribution not to exceed the employer’s compensation liability. The defendants in this ease would have this court recognize a limited right to contribution as well. They assert that this case is a tangible incidence of the hypotheticals noted by the court in Moak.
We agree that the seemingly unfair hypo-theticals in Moak may apply to this case. However, we cannot agree with the Fourth Circuit’s recognition of a right to partial or quasi-contribution.
Though learned counsel for the defendants is correct in noting that our opinion in LeJeune v. Highlands Ins. Co., 287 So.2d 531 (La.App. 3rd Cir.1973), unit denied, 290 So.2d 903 (La.1974), did not involve partial or quasi-contribution, the reasoning therein is nevertheless applicable. In LeJeune we noted the considerable authority in Louisiana for the proposition that a negligent employer may not be forced to pay contribution to a negligent third party for injuring an employee. At that time we noted Moak, but declined to follow or extend it. The posture of defendants’ appeal requires that we address it more directly today. However, despite the seemingly equitable result in Moak, we must decline to follow the lead of the Fourth Circuit.
Our position is reinforced by the Louisiana Supreme Court in Gauthier, supra. Justice Ortigue, writing for the majority, noted that the Court’s decision to allocate fault to employers would not adversely affect employers “because the employer is immune from suit in tort, indemnity or contribution,” and therefore, cannot be required to pay damages. In addition, the Court discussed potential inequities involved in its decision that employer fault must be placed before the jury. The Court noted:
Professor Robertson raises a concern that amended art. 2324B may lead courts to believe that it is necessary to assess employer fault to avoid de facto imposition of solidary liability on defendants for the immune employer’s share of the fault ...
[[Image here]]
Because the amendment precludes the imposition of solidary liability beyond the extent necessary for a plaintiff to recover 50% of his or her recoverable damages and limits a tort feasor’s obligation beyond 50% to his or her virile share, where plaintiff is assigned a greater degree of fault than the tort feasor, the statute provides its own safeguard against that eventuality. Either of the results characterized as undesirable may be evils made necessary by the 1987 amendment to Article 2324. Such inequities have arisen in the context of the Longshoremen’s Act and the Harbor Worker’s Act.
(citations omitted)
The Court’s discussion is as significant for its recognition of possible inequities afforded by legislation as it is for the particulars of the discussion.
As we noted in LeJeune, supra, the Louisiana Supreme Court in recognizing a negligent employer’s right to recover compensation already paid against a negligent third party rejected “concepts of equity and/or so-cio-economic reasons” as playing a role in determining rights and liabilities of employers within the statutory scheme of worker’s compensation. See Vidrine v. Michigan Millers Mutual Insurance Co., 263 La. 300, 268 So.2d 233 (1972).
The Worker’s Compensation Act is a balancing of competing interests, as such, inequities inevitably arise. It cannot be logically denied that negligent third parties have been cast in an unenviable position and have gained nothing in return for their loss of the right to contribution. LeJeune, supra. However, it is not the province of this court to correct these apparent inequities. Inequities of this sort, rooted in social policy, best address themselves to the legislature for comprehensive examination and implementation.
*626 Accordingly, the judgment of the trial court is affirmed. All costs of this appeal are taxed against defendants-appellants.
Affirmed.