[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON INTERVENING PLAINTIFF'S MOTION TO STRIKE
The intervening plaintiff's statement of facts fairly sets forth the legal issues before the court and the court will basically paraphrase counsel's factual allegations. CT Page 1164
FACTUAL BACKGROUND
The plaintiff, Angel Echevarria, was employed as a stock person for the Marriott Corporation/intervening plaintiff on January 27, 1989. At that time, the plaintiff was working at the Trinity College/defendant's premises and while in the process of moving a fan his fingers were caught in the blades. Among other injuries, his left ring finger was amputated at the first knuckle and his left middle finger was lacerated. The injuries arose out of and in the course of the plaintiff's employment with the intervening plaintiff and as a result Marriott Corporation has paid or may be obligated to pay a large sum of money to the plaintiff pursuant to the Connecticut Workers' Compensation Act.
On May 22, 1991 the plaintiff filed an action in civil court against the defendant, Trinity College, and then pursuant to 31-293 of the Connecticut General Statutes, the Marriott Corporation moved to intervene as a plaintiff and this motion was granted by the Court on August 5, 1991. The intervening complaint incorporated the claims made against the defendant by the plaintiff in its May 22, 1991 complaint. The defendant has filed counterclaims sounding in three counts which allege:
(i) the intervening plaintiff is obligated pursuant to a contract to indemnify and hold harmless the defendant from the plaintiff's claims;
(ii) the injuries sustained by the plaintiff were the proximate result of the intervening plaintiff's negligence; and
(iii) Marriott was required by contract to name the defendant as an additional insured with respect to the operations of the Marriott, therefore, the Marriott should provide Trinity a defense.
The motion to strike has been filed as to all three counts of the defendant's counterclaims.
DISCUSSION OF LEGAL ISSUES
A motion to strike's purposes and scope "are identical to CT Page 1165 those of a demurrer." Cavallo v. Derby Savings Bank,188 Conn. 281, 283 (1982). It tests the legal sufficiency of a pleading. Mingachos v. CBS, Inc., 196 Conn. 91, 108 (1985).
The intervening plaintiff's (employer's) recitation of the legal effect of the Workmen's Compensation Act is certainly correct. That Act compensates injured employees according to a fixed schedule of payments. Klapproth v. Turner, 156 Conn. 276, 279 (1968). The employee has no common law action against the employer; his or her remedy is in the Act. Jett v. Dunlap, 179 Conn. 215, 217 (1979). An employee can bring an action against a third party whom the employee claims is responsible for his or her injuries and the employer can intervene in that action to be reimbursed for any monies paid to the employee under the Act. The employer's rights in any such action depend on the employee's rights; the employer right to reimbursement is one of subrogation to the right of the injured employee to recover for the tort committed against him (sic)." Stavola v. Palmer, 136 Conn. 670, 677 (1950), Mickel v. New England Coal Coke Co., 132 Conn. 671, 678
(1946).
The employer's argument is straightforward. It claims the first and third counts of the counterclaim are legally insufficient because the plaintiff employee's cause of action alleges negligence only against the defendant and its agents and not against his employer. The agreement referred to in the defendant's counterclaim, and as it would operate in this case, refers only to acts or omissions by the employer in the performance of its obligations under the contract. Since the plaintiff employee's complaint, as noted, does not make a negligence claim against Marriott or its agents, the provisions of the agreement do not apply.
It is a simple matter of logic to the defendant employer. If the plaintiff employee fails to prove that defendant's negligence proximately caused his injuries the intervening action fails. If negligence is found against the defendant, the contract language is not applicable.
The employer goes on to argue that the provisions of the agreement would be applicable only if the plaintiff employee's complaint had been brought against his employer Marriott. That would, of course, be barred by the Workmen's Compensation Act. CT Page 1166
But this is an indemnification claim. The third party complaint alleges that the third party defendant (employer) is liable to the third party plaintiff (defendant), not to the original (employee) plaintiff. It is certainly true that "once an employer is liable for worker's compensation payments, it cannot become liable further in tort in connection with the same injury." Seaboard Coast Line R. v. Maverick Materials, 305 S.E.2d 810, 811 (Ga., 1983), Causey v. K B Equipment co. [Co.], Inc., 467 So.2d 1266, 1267 (La., 1985).
But the Workers' Compensation Act was created for the employer's benefit and the employer is not prohibited from waiving the benefits of the Act by contract. Seaboard Coast Line R. v. Maverick Materials, 305 S.E.2d at page 812. Where there is in fact an indemnification contract between the employer and the defendant (third party plaintiff) the employer is not shielded from liability under the act because the third party's action is based on the contract and not on the tort claim of the plaintiff employee alleging injuries, Causey v. K B Equipment Co., Inc., 467 So.2d at page 1268, cf Martin v. Fulton Iron Works Co., 640 S.W.2d 491, 496 (Mo. 1982); Casey v. U.S. et al, 635 F. Sup. 221, 224 (D. Mass. 1986), cf Durniak v. August Winter Sons, Inc., 222 Conn. 775, 785, footnote 5 (1992); Ferryman v. Groton, 212 Conn. 138, 143
(1989).
But this requires a close examination of the indemnity agreement. Three cases in the court's opinion focus the problem and reference will be made to the location of the indemnity agreements in those cases, Causey v. K B Equipment co. [Co.], Inc., 467 So.2d at page 1267, Seaboard Coast Line Rr. Co. v. Maverick, 305 S.E.2d at page 810, Olsen v. Shell Oil Co.,595 F.2d 1099, 1103 (footnote 5) (1979, CA 5). Read together the cases seem to say at least in the context of Connecticut law and statutes that unless the employer explicitly agrees to indemnify the non-employer defendant (indemnitee) for its own negligence which may contribute to any accident then the indemnity agreement cannot be read to permit the defendant to make the claims it is making against the employer in the plaintiff's action.
Apportionment a la Tort Reform II is not an option under these circumstances since in the plaintiff's action the employer is immune from any claim by the plaintiff. Even CT Page 1167 perhaps more to the point it seems to be the generally accepted rule that an indemnity "agreement must contain in `clear and unequivocal language' an intention to indemnify liabilities due to the indemnitee's own negligence. Aside from such an express agreement, an employer is not liable to the non-employer defendant for any sums that the latter might be responsible for in tort to the injured plaintiff employee," Martin v. Fulton Iron Works Co., 640 S.W.2d at page 496. That is unless such explicit language were to be put in the indemnification agreement there would be no way of apportioning damages in the plaintiff's underlying suit if the acts of the indemnitor and indemnitee both contributed to the injuries. If the indemnitee's acts or omissions caused the injury, the agreement would not apply. If the employer indemnitor's acts or omissions were the sole cause of the accident, the plaintiff's suit would fail against the defendant in any event.
This agreement does not explicitly require the indemnifying party to indemnify liabilities due to the indemnitee's own negligence. Therefore the rather iron logic of the case of Causey v. K B Equipment, Inc., 467 So.2d at page 1268, headnote 3 would seem to apply — the plaintiff's claim against the defendant Trinity College is based upon allegations of negligence. Thus if plaintiff obtains a judgment against the defendant, its own claim against Marriott fails. If on the other hand it fails to prove negligence on the defendant's part, the indemnity agreement is moot.
Since all three counts must be based on the indemnity agreement and any purported rights it gives to the defendant, the three counts should be stricken.
Corradino, J.